# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

| | |
|---|---|
| ANTELOPE COAL COMPANY | Tenth Circuit Case No.: 14-9506 |
| Appellant/Petitioner, | BRB Nos.: 13-092 BLA and 13-111 BLA |
| v. | Case Nos.: 04-BLA-6682 and 04-BLA-6683 |
| SANDRA J. GODDARD, on behalf of and Widow of BENJAMIN F. GODDARD, | |
| Appellee/Respondent, | |
| and | |
| DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, | |
| Party-in-Interest. | |

## **VERIFIED APPLICATION FOR ATTORNEY'S FEES**

Jared L. Bramwell, as attorney for Appellee/Respondent Sandra J. Goddard, on behalf of and Widow of Benjamin F. Goddard (hereinafter "Claimant"), hereby applies for an award of **$12,256.92** in attorney's fees and costs for work done before United States Court of Appeals for the Tenth Circuit in this case.  Appellant/Petitioner Antelope Coal Company is the Employer.

In support of this fee application, the undersigned states as follows:

1.    An attorney for a claimant who has prevailed in a black lung claim may apply for an award of attorney's fees and costs pursuant to 30 U.S.C. §932(a), incorporating 33 U.S.C. §928, and 20 C.F.R. §§725.365 and 725.366.  In further support of the nature of billing time in this matter, Claimant cites and incorporates 20 C.F.R. § 802.203 as setting forth the manner and information that should be included in attorney fee applications.

2.    Pursuant to Fed. R. App. P. Rule 27/Local Rule 27.3(C), I contacted Employer's Counsel, William S. Mattingly, via telephone to discuss this fee application and the rates and fees being requested.  After consultation and making requested revisions, the fees and costs set forth below represent a reasonable fee insomuch as the Employer is concerned.  Counsel for the U.S. Department of Labor was not contacted because it is not liable for payment of attorney's fees in this case.

3.    Prior to the proceedings occurring before this Court, numerous proceedings took place before the Administrative Law Judge and Benefits Review Board levels, but most recently the Administrative Law Judge awarded benefits to Claimant. Employer petitioned for review of the Benefits Review Board's affirmation of the Administrative Law Judge's decision and this Court denied the Petition on September 18, 2014.

4.    This case originated over twelve (12) years ago when Mr. Goddard filed his claim for federal black lung benefits on or about April 9, 2002.  Employer has disputed

liability the entire time despite rulings from the U.S. Department of Labor's District Director, the Administrative Law Judge, and the Benefits Review Board, which decision was appealed to this Court.

5.     Employer's appeal presented several issues for the court to decide. Specifically, the issues included, but were not necessarily limited to, the following: (1) whether the record evidence was properly considered and weighed by the ALJ; (2) whether the ALJs' decisions were supported by substantial evidence; and (3) whether the BRB properly reviewed and evaluated the ALJ's third decision in this case and determined the case should be remanded for a fourth time.

6.     I  hereby state that I, a licensed attorney in the State of Utah, seek fees for the following services rendered before this Court from January 23, 2014 to September 18, 2014, all of which were necessary in representing the Claimant in this matter:

| Dates Rendered | Services Rendered | Time |
|---|---|---|
| 1/23/14 | Reviewed email from 10th Cir. Ct. of Appeals and attached documents (Antelope's Petition for Review and letter dtd 1/23/14 from 10th Cir. to Atty Mattingly). Discussed matters w/paralegal and assigned projects to her.  Calendared deadline.  Reviewed Entry of Appearance and Certificate of Interested Parties. | .50 |
| 1/24/14 | Reviewed email from 10th Cir Ct and attached Entry of Appearance of Helen Cox for DOL. | .25 |
| 1/27/14 | Reviewed mailed copy of Employer's Petition for Review. | .25 |

| 2/6/14 | Reviewed emails from 10th Cir Ct and attached documents (Docketing Statement & Entry of Appearance of Atty Mattingly). Discussed matters w/paralegal. Reviewed Amended Notice of Appearance of Atty Mattingly and Errata Sheet to Docketing Statement. | .50 |
|---|---|---|
| 2/11/14 | Discussed case status w/paralegal. | .25 |
| 2/18/14 | Reviewed email from 10th Cir Ct and attached Notice of Appearance by Atty Bajkowski. | .25 |
| 3/10/14 | Reviewed email from 10th Cir Ct and attached letter from 10th Cr dtd 3/10/14 re: failure to receive agency record. Discussed matter w/paralegal and assigned project to her. Reviewed letter dtd 3/6/14 from BRB to Clerk for 10th Cir re: Enclosure of Certified Index of Documents. | .50 |
| 3/11/14 | Reviewed email from 10th Cir Ct. Calendared briefing deadlines. Discussed matter w/paralegal. | .25 |
| 3/26/14 | Reviewed 4th Cir Decision issued in Westmorelane v. Stidham. | .50 |
| 4/16/14 | Reviewed emails from Marisa Sigley (paralegal to Atty Mattingly). Emailed Ms. Sigley. Reviewed email from Atty Bajkowski. Reviewed emails from 10th Cir Ct and attached document (Employer's Motion to Extend Time to File Brief). Discussed matters & new deadline w/paralegal. Calendared deadlines. Assigned projects to paralegal. Reviewed email and attached Order Granting Employer's Extension Request. | .50 |
| 4/22/14 | Reviewed notes from paralegal and calendared deadline. | .25 |
| 5/5/14 | Reviewed email from 10th Cir Ct and attached Opening Brief of Employer. | .25 |
| 5/7/14 | Reviewed Opening Brief of Employer. Discussed issues w/paralegal. Reviewed file. Reviewed email from 10th Cir Ct and minute order setting due date for Respondents' briefs. Calendared deadline. | 2.00 |
| 5/8/14 | Continue review of pleadings & file. | .75 |

| | | |
|---|---|---|
| 5/21/14 | Continue review of pleadings, decision, arguments, etc. re: appeal. | .50 |
| 5/28/14 | TC w/Atty Mattingly.  Notes to file.  Discussed matter w/paralegal. | .25 |
| 6/2/14 | Discussed briefing status & timelines w/paralegal.  TC's w/Atty Bajkowski.  Emailed Attys Bajkowski & Mattingly and others.  Reviewed email from Atty Mattingly.  Emailed Atty Mattingly.  Reviewed emails from Atty Bajkowski.  Emailed Atty Bajkowski.  Assigned projects to paralegal.  Calendared new deadlines.  Notes to file. | 1.00 |
| 6/3/14 | Reviewed Unopposed Motion for Enlargement of Time to File Response Briefs.  Reviewed email from 10th Cir Ct and attached Motion.  Discussed matters w/paralegal and assigned projects to her. | .25 |
| 6/4/14 | Reviewed email from 10th Cir Ct and attached Order. | .25 |
| 6/12/14 | TC w/Atty Helen Cox w/DOL.  Notes to file.  Reviewed email exchange between paralegal & Atty Fogel.  Discussed matters w/paralegal. | .25 |
| 6/17/14 | Discussed matters & issues w/paralegal. | .25 |
| 6/19/14 | Reviewed email from 10th Cir Ct and attached document (letter dtd 6/19/14 from Atty Cox w/DOL to 10th Cir Ct). | .25 |
| 6/23/14 | Discussed projects & case w/paralegal and assigned projects to her. | .25 |
| 6/24/14 | Reviewing Briefs filed by parties, ALJ Decisions, BRB Decisions and file. | 2.25 |
| 6/25/14 | Continue review of file.  Researching case law.  Drafting Appeal Brief. | 5.00 |
| 6/26/14 | Continue review of documents and drafting Appeal Brief.  Discussed issues w/paralegal and assigned projects to her. | 12.25 |

| 6/27/14 | Continue research & drafting of Appeal Brief.  Discussed matters w/paralegal & assigned projects to her.  Finalized Appeal Brief.  Reviewed email from 10th Cir Ct and attached document (Brief). | 10.25 |
|---------|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------|
| 6/30/14 | Discussed matters w/paralegal & assigned projects to her. Reviewed & executed letter dtd 6/30/14 to 10th Cir Ct. | .25 |
| 7/1/14 | Reviewed email from 10th Cir Ct. | .25 |
| 7/10/14 | Reviewed emails from Marisa Sigley.  Emailed Marisa & Atty Bajkowski.  Reviewed emails from 10th Cir Ct & attached documents (Motion & Order Granting Extension). | .25 |
| 7/24/14 | Reviewed email from 10th Cir Ct and attached Reply Brief filed by Employer.  Reviewed file & Respondent's Appeal Brief. | 1.00 |
| 8/4/14 | Reviewed letter dtd 7/24/14 & Reply Brief received via mail. | .25 |
| 9/18/14 | Reviewed email from 10th Cir Ct of Appeals and attached documents (Order & Judgment and letter dtd 9/18/14 from 10th Cir to Atty Mattingly). Discussed matters w/paralegal & assigned projects to her. Reviewed email from Atty Bajkowski. Emailed Atty Bajkowski. Calendared deadlines | 1.00 |

**TOTAL TIME     43.00 hours @ $225.00 per hour = $9,675.00**

7.    My usual and customary fee ranges between $200.00 - $225.00 per hour.

My usual and customary fee in federal black lung cases is currently $225.00, which is

based upon the specialized nature of black lung law; the overhead cost of operating the

law practice; the usual and customary fee paid in federal black lung cases to attorneys of

similar background and experience; the difficulty of such cases; and the contingent

nature of such cases.  I raised my hourly rate to $225.00 and was awarded $225.00 per

hour in *Antelope Coal Co./Rio Tinto Energy Amer. v. Goodin,* 743 F.3d 1331 (10th Cir. 2014).  I would also note that Employer's counsel in this case, *Goddard v. Antelope Coal Company,* did not object to my requested rate of $225.00 per hour in the prior *Goodin* fee application I submitted.

Before raising my rates to $225.00 per hour, I was consistently awarded $200.00 per hour (which was my usual and customary rate in federal black lung cases beginning with a fee application in February 2010; and it was the rate sought for time spent back to 2008 and 2009 in at least two other cases).  *See* copies of the following awards attached hereto as Exhibit "A": *Cummins v. Peabody Coal Co,* 2009-BLA-05531, January 27, 2012 and January 11, 2013, BRB No. 120006, May 1, 2013; *Roberts v. Pittsburg & Midway Coal Mining,* 2008-BLA-05312, March 20, 2012; *Lindsey v. Rag American Coal Co./Plateau Mining Corp,* 2003-BLA-06654, May 11, 2011; *Goddard v. Antelope Coal Company,* BRB Nos. 11-366 BLA, 11-439 BLA, 09-299 BLA and 09-404 BLA, August 14, 2013; *Goodin v. Antelope Coal Company,* BRB No. 11-843 BLA, April 26, 2013; and *Goodin v. Antelope Coal Company,* 2008-BLA-05435, November 8, 2012. These awards found $200.00 per hour to be a reasonable rate based on my years of practice, experience with black lung cases, the difficulty of litigating federal black lung cases, the contingent nature of black lung cases, and the locality of the hearing in those matters.  Because it had been at least four (4) years since I had increased my rates and because federal black lung is one of, if not the most, complicated areas of practice I am

now seeking $225.00 per hour in black lung cases.

Further, in support of my application and the $225.00 hourly rate I charge, are the affidavits of four other attorneys that practice black lung: Sandra M. Fogel, Anne Megan Davis, Ryan C. Gilligan and Jonathan Wilderman and affidavits of two attorneys that practice in the Salt Lake City, Utah area where my office is located: Gavin M. Reese and Matt Osborne.  *See* their Affidavits attached hereto as Exhibit "B".   Attorneys Fogel and Davis charge between $265 and $275 per hour and Attorneys Gilligan and Wilderman charge between $220 and $225 per hour.  Attorneys Reese and Osborne charge between $200 and $285 per hour.  I went to law school and graduated with Mr. Reese.

The Affidavits and examples show that my hourly rate is in line with those charged by attorneys representing other claimants and is in line with those charged by attorneys in my area.

My requested hourly rate is far below the hourly rate of $445.00 for attorneys with 11-19 years of experience in 2013, as identified in the Laffey Matrix used by the U.S. Attorney's Office in the District of Columbia to calculate attorney's fees.  *See* Laffey Matrix attached hereto as Exhibit "C".  This matrix was originally used in *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds,* 746 F.2d 4 (D.C.Cir.1984), and has been considered an objective source of hourly rates by other courts since then; *see, e.g., In HPL Technologies Inc. Securities Litigation,* 366 F.Supp.2d 912, 921 (N.D. Cal. 2005).

8

In further support of my fee request, I state that I am a partner in the law firm of Kelly & Bramwell, P.C.  I received a B.S. degree from Brigham Young University in accounting in 1999 and a J.D. degree from University of Oregon in 2002.  My practice is primarily focused on the representation of coal miners in their black lung benefits claims, small business issues, complex civil litigation, and divorce and family law related issues. I currently represent coal miners in Utah, Wyoming, Montana, Nevada and Arizona, and have invested a significant part of my legal practice to the representation of coal miners, which has been ongoing for approximately 10 years.  Since I began representing coal miners, I have traveled to St. Louis, Missouri, Nashville, Tennessee, Wheeling, West Virginia, Pigeon Forge, Tennessee, Chicago, Illinois, Billings, Montana and Pittsburgh, Pennsylvania to attend black lung conferences, resulting in my receipt of at least 74 hours of continuing legal education credit.  Furthermore, I have presented lectures at the Chicago, Illinois, Billings, Montana and Pittsburgh, Pennsylvania conferences and have spent a significant amount of time meeting with other attorneys that also are experienced in representing coal miners, which time has been spent to enhance my knowledge and expertise in the highly specialized and complicated area of black lung practice.

8.    I further state that my paralegal, Michelle J. Brester, worked on this case under my supervision and provided the following services to the Claimant, all of which were necessary in representing the Claimant in this matter:

| Dates Rendered | Services Rendered | Time |
|---|---|---|
| 1/23/14 | Discuss matter w/Atty Bramwell.  Review Antelope Coal Company's Petition for Review to the 10th Cir Court of Appeals.  Calendar deadlines.  Transmittal letter to client.  Draft, prepare and e-file Notice of Appearance of Counsel with 10th Cir Cr.  Assignment to assistant. | 1.00 |
| 2/11/14 | Discuss matter w/Atty Bramwell. | .25 |
| 4/18/14 | Research 10th Cir Ct of Appeals Local Rules and Federal Rules of Appellate Procedure re: filing rquest for extension.  Discussed matter w/Atty Bramwell.  Calendar deadline. | .50 |
| 5/28/14 | Discuss matter w/Atty Bramwell re: Atty Mattingly's agreement to extension for Response Brief to 10th Cir Ct.  Notes to file. | .25 |
| 6/2/14 | Discuss matter w/Atty Bramwell re: requesting extension to file response brief.  Notes to file.  Review email from Atty Bramwell to Atty Mattingly and DOL attorneys.  Review email from Atty Mattingly.  Review eamils from DOL attorney.  Discuss matter w/Atty Bramwell re: extension for Claimant and DOL and other issues related to Employer's brief and arguments.  Notes to file. | .25 |
| 6/3/14 | Begin draft Motion for Enlargement of Time to File Response Brief.  Email to Atty Fogel.  Notes to file.  Prepare and e-file Motion for Enlargement of Time.  Assignment to assistant. | 1.50 |
| 6/12/14 | Review email from Atty Fogel.  Discuss matter w/Atty Bramwell.  Email to Atty Fogel. | .25 |
| 6/17/14 | Discuss matter w/Atty Bramwell. | .25 |
| 6/19/14 | Review email from 10th Cir Ct and attached Notice from the DOL that it will not file response brief and will participate in oral argument. | .25 |

| 6/23/14 | Review Employer's Opening Brief.  Review file.  Begin draft Response Brief. | 2.50 |
|---------|------------------------------------------------------------------------------|------|
| 6/24/14 | Continue drafting Response Brief. | 3.50 |
| 6/25/14 | Continue drafting Response Brief. | 1.00 |
| 6/26/14 | Discuss matter w/Atty Bramwell.  Review 10th Cir Ct Rules w/Atty Bramwell.  Continue drafting Response Brief. | 4.25 |
| 6/27/14 | Discuss matter w/Atty Bramwell.  Review 10th Cir Ct Rules.  Continue drafting Response Brief.  Prepare and e-file Response Brief.  Notes to file. | 6.00 |
| 6/30/14 | Review 10th Cir Ct Rules.  Phone call to Salt Lake Legal.  Email to Salt Lake Legal.  Notes to file.  Discuss matter w/Bramwell.  Review email from 10th Cir Ct and attached Brief.  Review bound copies of Response Brief.  Draft letter to Elisabeth Shumaker, Clerk of 10th Cir Ct.  Prepare and overnight Response Briefs to 10th Cir Ct.  Assignment to assistant. | 1.00 |
| 9/18/14 | Review Order and Judgment from 10th Cir Ct of Appeals. Calendar deadline to file Petition for Rehearing. Discuss matter w/Atty Bramwell. Notes to file. | .75 |

**TOTAL TIME     23.50 Hours at $100.00 per hour     $2,350.00**

9.     My paralegal's usual and customary fee ranges between $80.00 - $100.00

per hour.  In federal black lung cases her hourly fee is $100.00, which is based upon the

specialized nature of black lung law; the overhead cost of operating the law practice; the

usual and customary fee paid in federal black lung cases to paralegals of similar

background and experience; the difficulty of such cases; and the contingent nature of

such cases.  My paralegal has assisted me in my representation of each coal miner since I

began representing coal miners in their black lung benefits claims approximately 10 years ago.  She earned an Associates of Arts degree in paralegal studies in 2004 from Mountain West College and a Bachelors of Arts degree with a major in history/minor in anthropology from the University of Utah in 2014.

My paralegal performed substantially more than clerical tasks in assisting me in my representation of Claimant, as she does for all of my clients, including black lung. Tasks she performs include but are not limited to communications with Claimant, Employer's counsel, medical experts and other medical personnel, obtaining and submitting medical documents and evidence, legal research and drafting discovery, motions and briefs before the Office of Administrative Law Judges, Benefits Review Board and this Court. It is also beneficial to Employer that my paralegal worked on this matter.  If I were to conduct those tasks, I would charge significantly more for such, which would result in greater costs to Employer.  She is a highly skilled, knowledgeable and educated paralegal and it is reasonable to charge her time at $100.00 per hour.

My paralegal also attended the Nashville, Tennessee, Pigeon Forge, Tennessee, Chicago, Illinois and Pittsburgh, Pennsylvania black lung conferences.  She presented a lecture at the Pittsburgh conference and assisted me in preparing my presentations for the Chicago, Illinois, Billings, Montana and Pittsburgh, Pennsylvania conferences.  She has also spent significant time meeting and discussing black lung law and procedure with other attorneys, lay representatives, medical personnel, and others.

Furthermore, I have been previously been awarded $100.00 per hour for my paralegal's time in the same decisions outlined above and attached hereto as Exhibit "A". Only in one case did an Administrative Law Judge reduce her allowable rate to $95.00 per hour based on her experience.   However, Employer's counsel did not object to the requested rate of $100.00 per hour, she has over three years of additional experience since the services at issue were performed May 13, 2010 through August 15, 2011, and the Benefits Review Board in the same case found $100.00 per hour to be reasonable and awarded such.   Accordingly, it is reasonable to charge and request an award of $100.00 per hour for her services performed before this Court.

In addition, it is customary practice for attorneys in the state of Utah to utilize the services of a paralegal and to bill separately for their work at a rate of at least $100.00 per hour.  Pursuant to *Eastern Associated Coal Corporation v. Director, OWCP,* ___ F.3d ____ (4th Cir. 2013) citing *Jenkins*, 491 U.S. at 286-88 it is appropriate to bill paralegal time "separately at market rates if it is the prevailing practice in a given community."  Accordingly, because it is customary practice in my community to bill separately for paralegal work and $100.00 is a market rate for paralegal work it is appropriate to bill my paralegal's time separately in this case at $100.00 per hour.

Furthermore, as additional support of my paralegal's hourly rate, attached hereto are the Affidavits of attorneys Matt Osborne, Gavin M. Reese, Ryan C. Gilligan and Anne Megan Davis.  Each of these attorneys affidavits support the use of paralegals in

13

their legal practice, including black lung practice, and the hourly rate for paralegals they find reasonable and customary.

10.     Based upon my paralegal's usual and customary fee and the usual and customary fees charged by paralegals in Utah; the specialized nature of black lung work; the overhead of the law firm; the difficulty of such cases; and the contingent nature of such cases, $100.00 per hour is claimed for the work done by the paralegal, for a total of **$2,350.00.**

11.     I further state that the following expenses were incurred before this Court and in conjunction with Appellee/Respondent's case, which expenses were reasonable and necessary, and have not been reimbursed:

| Date | Expense | Cost |
|------|---------|------|
| 6/30/14 | *Salt Lake Legal - bound copies of Response Brief to 10th Cir Ct of Appeals | $159.38 |
| 7/14/14 | *UPS Overnight delivery | $72.54 |

**Total Expenses:** **$231.92**

*These expenses have also been included in the Verified Bill of Costs.

DATED this 2nd day of October, 2014.

Respectfully submitted,

/s/Jared L. Bramwell
Jared L. Bramwell
Kelly & Bramwell, P.C.
11576 S. State St., Bldg 1002
Draper, UT 84020
801-495-2559
jared@kellybramwell.com

Attorney for Appellee/Respondent
Sandra J. Goddard, on behalf of and
Widow of Benjamin F. Goddard

STATE OF UTAH                    )
                                 : ss
COUNT OF SALT LAKE       )

I, Jared L. Bramwell, swear that I am the attorney of record that is seeking fees in the above Verified Application for Attorney Fees and have read the Verified Application for Attorney Fees and am cognizant of the facts alleged, that the facts set forth therein are known by me to be true and/or, at a minimum, I believe the facts alleged to be true.

/s/Jared L. Bramwell
Jared L. Bramwell

SUBSCRIBED AND SWORN TO before me, under penalty of perjury, this 2nd day of October, 2014.

/s/Adam Lee Maynez
Notary Public
State of Utah
Commission No.: 672711
Commission Expires: Dec. 6, 2017

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of October, 2014, I electronically filed the foregoing **VERIFIED APPLICATION FOR ATTORNEY'S FEES** with the Clerk of the Court for the U.S. Court of Appeals for the Tenth Circuit by using the CM/ECF System.  I certify that all parties in the case, through their attorneys, are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Jared L. Bramwell
Jared L. Bramwell
Attorney for Appellee/Respondent

## <u>CERTIFICATE OF COMPLIANCE CONCERNING PRIVACY REDACTIONS</u>

Pursuant to 10th Cir. R. 25.5, I hereby certify that all required privacy redactions

have been made.

/s/Jared L. Bramwell

Jared L. Bramwell

Attorney for Appellee/Respondent

## <u>CERTIFICATE OF COMPLIANCE CONCERNING HARD COPIES</u>

Pursuant to the ECF User Manual, I hereby certify that the hard copies to be

submitted to the court and parties to the case are exact copies of the version submitted

electronically today.

/s/Jared L. Bramwell    
Jared L. Bramwell
Attorney for Appellee/Respondent

## <u>CERTIFICATE OF COMPLIANCE CONCERNING VIRUSES</u>

Pursuant to the ECF User Manual, I certify that the electronic submission was

scanned for viruses with the most recent version of a commercial virus scanning program

and is free of viruses.

/s/Jared L. Bramwell

Jared L. Bramwell

Attorney for Appellee/Respondent

# EXHIBIT A

**U.S. Department of Labor**   Office of Administrative Law Judges
800 K Street, NW, Suite 400-N
Washington, DC 20001-8002

(202) 693-7300
(202) 693-7365 (FAX)



Issue Date: 27 January 2012

*In the Matter of*
**JAMES STEPHEN CUMMINS**
     **Claimant,**

     **v.**

**PEABODY COAL COMPANY**
     **Employer,**

     **and**

**DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS
     Party-in-Interest.**

**Case No. 2009-BLA-05531**

APPEARANCES:
     Jared Bramwell, Esquire
     For the Claimant

     Richard H. Risse, Esquire
     For the Employer

BEFORE:
     DANIEL F. SOLOMON
     Administrative Law Judge

### SUPPLEMENTAL DECISION AND ORDER
*AWARD OF ATTORNEY'S FEES*

On September 14, 2011, I entered a Decision and Order awarding black lung benefits to Claimant. On October 20, 2011, Petitioner, Claimant's attorney, filed an application for approval of attorney's fees ("Fee Petition"). The Fee Petition requests attorney fees in the amount of $12,260.00, for 61.30 hours of services provided by Petitioner at the rate of $200.00 per hour; $5,260.00, for 52.60 hours of services provided by Petitioner's paralegal at the rate of $100.00 per hour; $372.00, for 6.20 hours of services provided by Petitioner's legal assistant at $60.00 per hour; and $1,070.44 in costs, for a total amount of $18,962.44.

On October 31, 2011, Employer filed its opposition to the Fee Petition. Employer's opposition raised objections and issues concerning the requested hourly wages and time charges. On November 10, 2011, Petitioner filed a reply in defense of its Fee Petition.

## LAW AND REGULATIONS

When a claimant wins a contested case, the Act provides that the employer, the insurer, or the Black Lung Disability Trust Fund shall pay a "reasonable attorney's fee" to claimant's counsel. 30 U.S.C. § 932(a), incorporating 33 U.S.C. § 928(a). The regulation governing fees provides, in part, that:

> Any fee approved . . . shall take into account the quality of the representation, the qualifications of the representative, the complexity of the legal issues involved, the level of proceedings to which the claim was raised, the level at which the representative entered the proceedings, and any other information which may be relevant to the amount of fee requested.

20 C.F.R. § 725.366.

Under 20 C.F.R. § 725.366(a), the application must be supported by a complete statement of the extent and character of the necessary work done and shall include the professional status (attorney, paralegal, law clerk, lay representative) of the person performing the work, and the customary billing rate for each such person.

A determination of whether a requested hourly rate is reasonable requires consideration of the factors set forth at 20 C.F.R. § 725.366(b), including the quality of the representation, the qualifications of the representative, the complexity of the legal issues involved and the level of the proceedings. *See* 20 C.F.R. § 725.366(b); ***B&G Mining, Inc. v. Director, OWCP [Bentley]***, 522 F.3d 657, 664, 24 B.L.R. 2-106, 2-122 (6th Cir. 2008).

## FINDINGS OF FACT
### HOURLY RATES

I am advised that Petitioner's usual and customary fee ranges from $150.00 to $200.00 per hour. For black lung claims, Petitioner's fee is $200.00, based upon the special nature of black lung claims, the overhead cost of operating the law practice, the usual and customary fee paid to attorneys of similar background and experience, the difficulty of such cases, and the contingent nature of such cases. Petitioner states he has been awarded $200.00 per hour in three recent attorney fee awards. These awards found $200.00 per hour to be a reasonable rate, considering Petitioner's years of practice, experience with black lung cases, the contingent nature of black lung cases, and the locality of the hearing in those cases.

Petitioner states his practice is primarily focused on the representation of coal miners in black lung claims, small business issues, civil litigation, and family law issues. Petitioner represents coal miners in Utah, Wyoming, and Nevada and has invested a significant part of his practice to the representation of coal miners for approximately seven years. Petitioner has attended numerous black lung conferences and has met with other attorneys practicing black lung to enhance his knowledge of this practice field.

Petitioner also included affidavits of two other attorneys practicing black lung. In the first affidavit, Sandra M. Fogel, a licensed attorney in Illinois, states that her billing rate is

$240.00 per hour and this rate has been consistently approved. Fee Petition, Exhibit A. Ms. Fogel previously served as the Supervising Attorney of the Black Lung Program at the SIU School of Law Legal Clinic in Carbondale, Illinois. Ms. Fogel has handled more than 800 federal black lung claims in several states across the country and is familiar with the customary and reasonable charges for services in black lung claims. She attests that $200.00 per hour is a reasonable rate in federal black lung claims for attorneys like Petitioner. In the second affidavit, Jonathan Wilderman, a licensed attorney in Colorado, states that his billing rate is $200.00 per hour for black lung cases and he has been awarded this fee in federal black lung cases before an administrative law judge during the past several years. Fee Petition, Exhibit B. Mr. Wilderman asserts that his practice is similar in size and geographic region to Petitioner's legal practice. Based upon the market and fees charged by attorneys in the region, especially in black lung cases, Mr. Wilderman attests that $200.00 per hour is a reasonable and appropriate rate.

Petitioner asserts that the usual and customary fee for his paralegal ranges from $80.00 to $100.00 per hour. For black lung claims, the paralegal's fee is $100.00, based upon the special nature of black lung claims, the overhead cost of operating the law practice, the usual and customary fee paid to paralegals of similar background and experience, the difficulty of such cases, and the contingent nature of such cases. Petitioner's paralegal has assisted in the representation of each coal miner since Petitioner began representing coal miners. She has also attended several black lung conferences and has spent significant time discussing black lung law with other attorneys, lay representatives, and medical personnel.

Employer argues the claimed rates are unreasonable and also objects to certain time entries. Employer asserts that Petitioner failed to provide evidence of market rates. Petitioner stated that his customary rate ranges from $150.00 to $200.00 per hour. Employer asserts that to the extent Petitioner receives $150.00 per hour from fee-paying clients for similar work, then that is the proper hourly rate. Furthermore, Employer argues that overhead costs, background or experience, the difficulty of black lung cases, the contingent nature of the work, and the alleged lack of attorneys to take this work do not provide evidence of market rates and cannot be considered when setting hourly rates. Additionally, Petitioner's reference to three other matters in which he was awarded $200.00 per hour and affidavits from attorneys listing rates received in shifted fee cases do not meet Petitioner's burden of establishing the market rate. Neither attorney is located in the same geographical area as Petitioner. Furthermore, the affidavits do not establish the attorneys are similarly qualified to Petitioner. Petitioner also has not established the market rate for paralegals and legal assistants.

In response, Petitioner asserts he charges $200.00 per hour in cases comparable to black lung claims, such as complex civil litigation cases. Petitioner admits he does charge a lower rate, commonly $175.00 per hour, but only does so in less complex cases. Concerning market rate, Petitioner submitted a third affidavit from attorney Matt Osborne as further evidence. *See* Reply in Defense of Attorney Fee Application, Exhibit A. Mr. Osborne is licensed in Utah and charges $200.00 to $250.00 per hour. Mr. Osborne states his practice is similar in size and location as Petitioner's practice. He represented a coal miner several years ago and charged $200.00 per hour. Mr. Osborne also affirmed that many attorneys in the Salt Lake City area charge more than $200.00 per hour in all areas of practice. He attests that $200.00 per hour is a fair, reasonable, and appropriate rate in the Salt Lake City market, especially for federal black lung

claims. Petitioner again states that he and Mr. Wilderman are the only two attorneys west of the Mississippi that regularly represent coal miners in black lung claims, and again references Mr. Wilderman's Affidavit, as well as Ms. Fogel's Affidavit, to evidence market rates. *See* Fee Petition, Exhibits A-B.

Concerning Employer's objections to the hourly rates of Petitioner's paralegal, Petitioner asserts his paralegal performed more than clerical work in this claim. Petitioner states his paralegal has been assisting with black lung claims for seven years. She has an associate's degree in paralegal studies and is pursuing a bachelor's degree at the University of Utah. Petitioner notes that $100.00 per hour is the paralegal's rate for other cases at his firm. Additionally, Petitioner states that $60.00 is the customary rate charged by his legal assistant.

To arrive at a reasonable hourly rate, courts use the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record. "The appropriate rate, therefore, is not necessarily the exact value sought by a particular firm, but is rather the market rate in the venue sufficient to encourage competent representation." *Lamar Adver. Co. v. Charter Twp. of Van Buren,* 178 Fed.Appx. 498, 502 (6th Cir. 2006) (unpub.).

I have been an administrative law judge for more than 20 years and have heard Black Lung cases in excess of ten years. I have heard dozens of cases in Tennessee, Virginia, Kentucky, and West Virginia. I have heard Black Lung cases less frequently in a number of other states. I find that in several locations, especially Florida, Michigan and Wisconsin, none of the claimants are represented by local counsel; rather they are usually represented by the same lawyers who appear in my coal field cases. Dozens of pro se claimants have told my office that there are few attorneys willing to take Black Lung cases.

I also hear cases under many other statutes, including the Longshore and Harborworkers' Act and its extensions, especially the Defense Base Act. In the Defense Base Act cases, we hear cases internationally. However, as in Black Lung, there is a limited claimants' bar, and the same lawyers appear before us regularly. Some of the "regulars" who have qualifications similar to Petitioner regularly receive fees in the $400-$450 per hour range. As stated above, the fee shifting authority in the Black Lung Benefits Act stems from the Longshore Act. In that forum, the circuit courts and the Board appear to be in agreement that the relevant geographic community for determining the prevailing hourly rate is, presumptively, the litigation forum. However, at the same time, several courts have recognized that in some cases, it is appropriate to consider an extra-jurisdictional counsel's home market rates. *See Jeffboat, L.L.C. v. Dir., OWCP [Furrow]*, 553 F.3d 487, 491, 42 BRBS 65 (CRT) (7th Cir. 2009) (permitting rate where out-of-town counsel practices), *aff'g L.F. [Furrow] v. Jeffboat, Inc.*, BRB No. 07-0417 (Sept. 26, 2007) (unpub.). In *Jeffboat*, the Seventh Circuit deemphasized the forum rule in the Longshore context. The court affirmed an ALJ's award of an attorney's fee based on the documented range of prevailing market rates where out-of-town counsel practices (Connecticut), as opposed to the rate in the litigation forum (Indiana). The court held that, instead of a local market area, the "community" whose prevailing hourly rate must be used can be read as referring to a "community of practitioners," particularly when, as is arguably the case here, the subject matter of the litigation is highly specialized and the market for legal services within that subject

matter is a national market. The court stated that an attorney's demonstrated billing rate for similar work is presumptively appropriate and there is a preference for awarding attorneys' fees that are commensurate with what an attorney would otherwise have earned from paying clients. The court held that a claimant need not prove that she first attempted to find local counsel before hiring an out-of-area attorney. Rather, it is within an ALJ's discretion to adjust an out-of-town attorney's rate downward if local counsel could have provided comparably effective legal services and the rate of the out-of-town practitioner was higher than the local market rate; here, the ALJ was entitled to find that claimant would need to seek counsel outside of southern Indiana. Notably, in *Patrick v. Serv. Employers Int'l, Inc.*, 2009-LDA-313, 2009-LDA-426 (ALJ June 1, 2010), the judge rejected claimant's counsel's argument that *Jeffboat* reflects the court's recognition that the geographic market for legal services by attorneys who handle Defense Base Act (42 U.S.C.S. § 1651) claims is "not only national but international" in scope, reasoning that:

> ...if the geographic market within which the prevailing rate is determined is national in scope for a DBA attorney, ...it would suggest that one prevailing fee rate should apply nationwide. That, however, is not the case. To the contrary, the Court's decision in *Jeffboat* indicates that, while the legal service market may be national in scope, the supply and demand factors in relevant geographic submarkets govern the prevailing rate determinations in individual cases. ...Obviously, the *Jeffboat* court recognized the existence of relevant submarkets that are less than national in scope.

Slip op. at 4.

Upon review, I accept that there can be no comparison with local lawyers who do Black Lung cases because the bar is so small. I am directed to *Westmoreland Coal Co. v. Cox*, 602 F.3d 276, 289-91 (4th Cir. 2010); *Bowman v. Bowman Coal Co.*, BLR (Ben. Rev. Bd. April 15, 2010), and to *B&G Mm., Inc. v. Director, OWCP [Bentley]*, 522 F.3d 657, 663-64 (6th Cir. 2008) (holding that federal fee-shifting jurisprudence must be applied uniformly); *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (same). I find that there is limited competition for Black Lung representation in the appropriate geographic area.

A determination of whether a requested hourly rate is reasonable requires consideration of the factors set forth at 20 C.F.R. § 725.366(b), including the quality of the representation, the qualifications of the representative, the complexity of the legal issues involved and the level of the proceedings. *See* 20 C.F.R. § 725.366(b); *Bentley, supra.* As evidence of market rate, Petitioner has submitted three affidavits from attorneys practicing black lung and/or attorneys with practices similar in size and geographic region. The rates for these attorneys range from $200.00 to $250.00 per hour.

I find that the quality of the representation was adequate, the attorney, paralegal and legal assistant are well-qualified, and I note that Black Lung practice is filled with potential traps and pitfalls. The United States Supreme Court has noted:

...attorneys are necessary to vindicate claimants' rights under the Black Lung Benefits Act. As the West Virginia Supreme Court of Appeals noted, a black lung claimant must negotiate through a complex regulatory system to receive benefits from either the Black Lung Disability Trust Fund or the responsible mine operator. [cite omitted.] The complexity of the system is well documented. See, e.g., Hearings on Investigation of Backlog in Black Lung Cases before the Subcommittee on Labor Standards of the House Committee on Education and Labor, *99th Cong., 1st Sess.*, 186 (1985) (statement of attorney Thomas Makowski) ("Through the years, the standards have gotten more rigorous with regard to the sufficiency of evidence needed to prove a claim that a miner has black lung. As Congress made standards stricter, the regulations became more and more confusing, not only to the claimants, but to the attorneys and the administrative law judges as well"); id., at 85 (statement of attorney Robert T. Winston, Jr.) (describing the difficult task of developing evidence necessary to support a benefits award); Smith & Newman, The Basics of Federal Black Lung Litigation, 83 W. Va. L. Rev. 763 (1981) (detailing both the intricate regulatory scheme and the types of medical evidence required to prove a case).

More significantly, the black lung process is highly adversarial. Attorneys representing either the Department of Labor or the responsible mine operator actively oppose the award of benefits to a claimant at all levels of the black lung system. Because an operator faces the prospect of paying significant awards, it is often willing to pay substantial legal fees to defend against black lung claims.

*United States Department of Labor v. Triplett*, 494 U.S. 715 (1990).

After a review of the evidence, I find Petitioner's requested hourly rates for the attorney, paralegal, and legal assistant to be reasonable.

### ITEMIZED CHARGES

Employer objects to the time charges by Petitioner, his paralegal, and legal assistant as being excessive and duplicative. Employer states that some of the charges, such as discussions between Petitioner and other attorneys and his paralegal, were not segregated, and thus should be denied. Employer also asserts that the descriptions of the time charges are vague, making it difficult to assess whether the charges were reasonable or necessary. Additionally, Employer objects to the 6.2 hours of charges by the legal assistant as non-compensable clerical tasks.

In response, Petitioner states that Employer's objections to time charges for his discussions with attorney Sandra Fogel are without merit. Petitioner notes this case was his first case in the Seventh Circuit Court of Appeals. Ms. Fogel's practice is centered in the Seventh Circuit, and therefore, her advice and insight were extremely helpful and saved Petitioner hours of additional work and time charges. Petitioner also notes Ms. Fogel did not bill for her time. Regardless, for most of the time charges, Petitioner included work for other tasks, not attributable to consulting with Ms. Fogel. Employer also objected to the time Petitioner spent discussing the case with his paralegal. Petitioner also points out for most of these time charges,

Petitioner included work for other tasks, and did not charge solely for time spent discussing the case with his paralegal. Furthermore, Petitioner notes that it is his normal practice to oversee and direct the work of his paralegal, which requires some communication.

In response to Employer's objections to time charges as duplicative, Petitioner points out, for example, that his malpractice insurance requires him to confirm calendar deadlines more than once. Additionally, Petitioner states this case involved a significant amount of evidence, which needed to be reviewed for drafting Claimant's brief and rebuttable brief. Thus, the time spent by Petitioner and his paralegal doing these tasks were necessary to complete the briefs. Petitioner also generally objects to Employer's argument that the Fee Petition is vague. Petitioner asserts the Fee Petition is accurate and that it provides sufficient information for each time charge.

*Lanning v. Director, OWCP*, 7 B.L.R. 1-314 (1984), sets forth a two-step process for determining the necessity of services rendered. "First, [I] must decide whether the service is necessary to the proper conduct of the case and therefore compensable. . . . Second, once a service has been found to be compensable, the adjudicating officer must decide whether the amount of time expended by the attorney in performance of said service is excessive or unreasonable."

The following entry for Petitioner, attorney Jared L. Bramwell, is not allowed as it constitutes primarily clerical or administrative work. I therefore deny the Fee Petition with regard to this charge:

| Date | Description | Time Charge |
|------|-------------|-------------|
| 4/19/2010 | Notes to file re: Claimant's new phone number. | 0.10 hr |

The following entries for Petitioner's paralegal are not allowed as they constitute primarily clerical or administrative work. I therefore deny the Fee Petition with regard to these charges:

| Date | Description | Time Charge |
|------|-------------|-------------|
| 7/22/2009 | Phone call to Dr. James—left voice message. | 0.10 hr |
| 8/7/2009 | Phone call to Dr. James—left voice message. | 0.10 hr |
| 7/26/2010 | Phone call to ALJ's office to confirm time of hearing; Google directs and driving time Elko, NV; message to Atty Bramwell. | 0.20 hr |

The following entries for Petitioner's legal assistant are not allowed as they constitute primarily clerical or administrative work. I therefore deny the Fee Petition with regard to these charges:

| Date | Description | Time Charge |
|---|---|---|
| 1/5/2009 | Mail Notice of Appearance to all parties. | 0.10 hr |
| 2/18/2009 | Mail letter to opp. Counsel. | 0.10 hr |
| 3/4/2009 | Mail letter to Deborah Brunger, opp. counsel and all other parties. | 0.20 hr |
| 9/14/2009 | Fax and mail letter to Dr. James. | 0.30 hr |
| 10/28/2009 | Mail copies of Claimant's Response to Request for Production of Evidence to all parties. | 0.30 hr |
| 12/11/2009 | Phone call to Barbara w/Professional Imaging (left message). | 0.10 hr |
| 1/26/2010 | Phone call to Dr. James's office (left message). | 0.10 hr |

Employer objected to several time charges as vague, duplicative, or clerical in nature. I accept the allegation that 1.70 hours of Petitioner's billing was clerical. I deny Employer's remaining objections to Petitioner's time charges. I do not find the remaining times charges to be excessive or unreasonable.

### ITEMIZED EXPENSES

Employer objects to several expenses requested by Petitioner. Employer objects to charges for copies and postage, $312.00, as being non-compensable overhead costs. Employer objects to $150.00 for x-ray re-readings, stating the Act only shifts costs for experts who testify at the hearing. Additionally, the x-ray charges, as well as the transcript charges of $227.90 and $86.40 for medical records, should be denied because they are undocumented by receipts or bills. Employer concedes that Petitioner's travel expenses are reimbursable, but states Petitioner used the wrong rate, reducing the charge from $287.82 to $246.00.

In response, Petitioner argues that copying and postage expenses are reimbursable, and the requested fees in this case were necessary for the representation of Claimant. Petitioner argues that Employer's reliance on *Zeigler Coal Co. v. Director, OWCP [Hawker]*, 326 F.3d 894 (7th Cir. 2003) was incorrect, as the court in *Zeigler* affirmed the administrative law judge's decision that postage and photocopying were necessary expenses in that case. Petitioner also refutes Employer's objections to the requested fee for x-ray re-readings. Petitioner notes that had the experts testified, this would have resulted in greater charges for testimony and travel expenses, and therefore, the $150.00 fee is reasonable. Petitioner also attached copies of receipts and proof of payment for the x-ray readings, transcript charges, and copies of medical records. However, Petitioner concedes he had applied the wrong rate for travel expenses, and requests the reduced amount of $246.00.

I note that in *Zeigler*, the court held that 33 U.S.C. § 928(d) does provide for the recovery of fees for medical experts who submit medical reports but do not attend the ALJ hearing and provide oral testimony. 326 F.3d 894 (7th Cir. 2003). Therefore, I reject Employer's objection to the $150.00 requested fee for x-ray re-readings. Furthermore, as pointed out by Petitioner, the court in *Zeigler* affirmed the administrative law judge's finding that "the postage and photocopying costs were necessary to successfully prosecute this case." *Id.* Upon review, I find

the requested fees for postage and photocopying in this case to be necessary and therefore compensable. Accordingly, I reject Employer's objections to Petitioner's requested expenses for copies and postage. Therefore, I find Petitioner entitled to a total amount of $1,028.62 in costs and expenses incurred in the representation of Claimant.

## CALCULATIONS

### Attorney Fees Requested in Petition

| | | | | | |
|---|---|---|---|---|---|
| Mr. Bramwell | 61.30 hours | x | $200.00 | = | $12,260.00 |
| Paralegal | 52.60 hours | x | $100.00 | = | $ 5,260.00 |
| Legal Assistant | 6.20 hours | x | $ 60.00 | = | $   372.00 |
| | 120.10 hours | | | | $17,892.00 |

### Time Charge Reductions

| | | | | | |
|---|---|---|---|---|---|
| Mr. Bramwell | 0.10 hours | x | $200.00 | = | $    20.00 |
| Paralegal | 0.40 hours | x | $100.00 | = | $    40.00 |
| Legal Assistant | 1.20 hours | x | $ 60.00 | = | $   102.00 |
| | 1.70 hours | | | | $   162.00 |

### Approved Attorney Fees

| | | | | | |
|---|---|---|---|---|---|
| Mr. Bramwell | 61.20 hours | x | $200.00 | = | $12,240.00 |
| Paralegal | 52.20 hours | x | $100.00 | = | $ 5,220.00 |
| Legal Assistant | 5.00 hours | x | $ 60.00 | = | $   300.00 |
| | 118.40 hours | | | | $17,760.00 |

## ORDER

In light of the foregoing, Employer, Peabody Coal Company, is hereby **ORDERED** to pay Petitioner, Jared L. Bramwell, Esquire, a sum of **$18,788.62** for services and costs rendered to Claimant.

**SO ORDERED.**

DANIEL F. SOLOMON
Administrative Law Judge

Washington, D.C.

**NOTICE OF APPEAL RIGHTS**: If you are dissatisfied with the administrative law judge's decision, you may file an appeal with the Benefits Review Board ("Board"). To be timely, your appeal must be filed with the Board within thirty (30) days from the date on which the administrative law judge's decision is filed with the district director's office. *See* 20 C.F.R. §§ 725.478 and 725.479. The address of the Board is: Benefits Review Board, U.S. Department of Labor, P.O. Box 37601, Washington, DC 20013-7601. Your appeal is considered filed on the date it is received in the Office of the Clerk of the Board, unless the appeal is sent by mail and the Board determines that the U.S. Postal Service postmark, or other reliable evidence establishing the mailing date, may be used. *See* 20 C.F.R. § 802.207. Once an appeal is filed, all inquiries and correspondence should be directed to the Board. After receipt of an appeal, the Board will issue a notice to all parties acknowledging receipt of the appeal and advising them as to any further action needed. At the time you file an appeal with the Board, you must also send a copy of the appeal letter to Associate Solicitor, Black Lung and Longshore Legal Services, U.S. Department of Labor, 200 Constitution Ave., NW, Room N-2117, Washington, DC 20210. *See* 20 C.F.R. § 725.481. If an appeal is not timely filed with the Board, the administrative law judge's decision becomes the final order of the Secretary of Labor pursuant to 20 C.F.R. § 725.479(a).

## SERVICE SHEET

Case Name: **CUMMINS_JAMES_STEPHE_v_PEABODY_COAL_CO_DIRE_**

Case Number: **2009BLA05531**

Document Title: **SUPPLEMENTAL DECISION AND ORDER AWARD OF ATTORNEY'S FEES**

I hereby certify that a copy of the above-referenced document was sent to the following this 27th day of January, 2012:

*Delanie B Honesty*

**DELANNIE HONESTY**
LEGAL TECH

District Director
Chief, Branch of Claims and Systems Mgmnt
U. S. Department of Labor
Room C-3521, FPB
200 Constitution Ave., N.W.
Washington, DC 20210
*{Hard Copy - Regular Mail}*

Associate Regional Solicitor
U. S. Department of Labor
Suite 230
618 Church Street
Nashville, TN 37219-2456
*{Hard Copy - Regular Mail}*

James Stephen Cummins
700 Thistle Drive
Spring Creek, NV 89815
*{Hard Copy - Regular Mail}*

Jared L. Bramwell, Esq.
Building - 203
11576 S. State Street
Draper, UT 84020
*{Hard Copy - Regular Mail}*

Peabody Coal Company
Peabody Investments, Inc.
c/o Old Republic Insurance Company
P. O. Box 2200
Greenburg, PA 15601
*{Hard Copy - Regular Mail}*

Richard H. Risse, Esq.
2176 Tenbrook Road
Arnold, MO 63010-1515
*{Hard Copy - Regular Mail}*

Linda Naylor
NOWCAP
723 N. Main Street
Sheridan, WY 82801
*{Hard Copy - Regular Mail}*

**U.S. Department of Labor**

Office of Administrative Law Judges
800 K Street, NW, Suite 400-N
Washington, DC 20001-8002

(202) 693-7300
(202) 693-7365 (FAX)



**Issue Date: 11 January 2013**

CASE NO.: 2009-BLA-05531

In the Matter of
**JAMES STEPHEN CUMMINS**
*Claimant*

v.

**PEABODY COAL CO.**
*Employer,*

**and**

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS**
*Party-in Interest*

### SUPPLEMENTAL DECISION AND ORDER
#### AWARD OF ATTORNEY'S FEES

This case arises from a Petition for Attorney's Fees filed by Jared L. Bramwell ("Petitioner"), pursuant to the provisions of Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. §§ 901 *et seq.* ("the Act"). On September 14, 2011 I issued a Decision and Order awarding benefits to the claimant and on January 27, 2012 I issued a Supplemental Decision and Order awarding attorney's fees to Petitioner. On February 7, 2012 Petitioner submitted a Supplemental Application for Approval of Representatives' Fee for services rendered before the Administrative Law Judge in defense of his original fee petition, from October 31, 2011 to the present. Petitioner is seeking a fee of $1,160 for himself for 5.8 hours and $640 for his paralegal, Michelle J. Brester, for 6.4 hours. On February 24, 2012 Employer submitted Peabody's Opposition to Petition for Fees, and on March 5, 2012 Petitioner submitted a Reply in Defense of Supplemental Attorney Fee Application.

In determining the propriety of the fee petition, I must consider the factors set forth at 20 C.F.R. § 725.366 as follows:

> A representative seeking a fee for services performed on behalf of a claimant shall make application therefore to the deputy commissioner [district director], administrative law judge, or appropriate appellate tribunal, as the case may be, before whom the services were performed. The application shall be supported by a complete statement of the extent and character of the necessary work done, and shall indicate the professional status (e.g., attorney, paralegal, law

clerk, lay representative or clerical) of the person performing such work, and the customary billing rate for each such person. The application shall also include a listing of reasonable, unreimbursed expenses, including those for travel, incurred by the representative or an employee of a representative in establishing the claimant's case.

Moreover, the regulations provide:

Any fee approved under paragraph (a) of this section shall be reasonably commensurate with the necessary work done and shall take into account the quality of the representation, the qualifications of the representative, the complexity of the legal issues involved, the level of proceedings to which the claim was raised, the level at which the representative entered the proceedings, and any other information which may be relevant to the amount of the fee requested.

20 C.F.R. § 725.366.

## HOURLY RATE

Petitioner requests hourly rates of $200.00 for himself and $100.00 for Ms. Brester. Although I awarded Petitioner his requested hourly rates in the initial fee application order, Employer continues to object to the hourly rates, arguing that Petitioner's statements indicate that they are charging more for their work than they charge fee-paying clients for other work yet have no basis for doing so.

To determine whether a rate is appropriate, several factors must be considered, including the location of counsel, his or her years of experience, the level of expertise, and the complexity of the case. Additional factors which may be considered are the risk of loss, delay in payment, and the amount of the award of benefits. *Helton v. Director, OWCP*, 6 B.L.R. 1-176 (1983).

I will repeat what I wrote in my initial order awarding attorney's fees:

Petitioner states his practice is primarily focused on the representation of coal miners in black lung claims, small business issues, civil litigation, and family law issues. Petitioner represents coal miners in Utah, Wyoming, and Nevada and has invested a significant part of his practice to the representation of coal miners for approximately seven years. Petitioner has attended numerous black lung conferences and has met with other attorneys practicing black lung to enhance his knowledge of this practice field.

Petitioner also included affidavits of two other attorneys practicing black lung. In the first affidavit, Sandra M. Fogel, a licensed attorney in Illinois, states that her billing rate is $240.00 per hour and this rate has been consistently approved. Fee Petition, Exhibit A. Ms. Fogel previously served as the Supervising Attorney of the Black Lung Program at the SIU School of Law Legal Clinic in Carbondale, Illinois. Ms. Fogel has handled more than 800 federal black lung

claims in several states across the country and is familiar with the customary and reasonable charges for services in black lung claims. She attests that $200.00 per hour is a reasonable rate in federal black lung claims for attorneys like Petitioner. In the second affidavit, Jonathan Wilderman, a licensed attorney in Colorado, states that his billing rate is $200.00 per hour for black lung cases and he has been awarded this fee in federal black lung cases before an administrative law judge during the past several years. Fee Petition, Exhibit B. Mr. Wilderman asserts that his practice is similar in size and geographic region to Petitioner's legal practice. Based upon the market and fees charged by attorneys in the region, especially in black lung cases, Mr. Wilderman attests that $200.00 per hour is a reasonable and appropriate rate.

Petitioner asserts that the usual and customary fee for his paralegal ranges from $80.00 to $100.00 per hour. For black lung claims, the paralegal's fee is $100.00, based upon the special nature of black lung claims, the overhead cost of operating the law practice, the usual and customary fee paid to paralegals of similar background and experience, the difficulty of such cases, and the contingent nature of such cases. Petitioner's paralegal has assisted in the representation of each coal miner since Petitioner began representing coal miners. She has also attended several black lung conferences and has spent significant time discussing black lung law with other attorneys, lay representatives, and medical personnel.

Employer argues the claimed rates are unreasonable and also objects to certain time entries. Employer asserts that Petitioner failed to provide evidence of market rates. Petitioner stated that his customary rate ranges from $150.00 to $200.00 per hour. Employer asserts that to the extent Petitioner receives $150.00 per hour from fee-paying clients for similar work, then that is the proper hourly rate. Furthermore, Employer argues that overhead costs, background or experience, the difficulty of black lung cases, the contingent nature of the work, and the alleged lack of attorneys to take this work do not provide evidence of market rates and cannot be considered when setting hourly rates. Additionally, Petitioner's reference to three other matters in which he was awarded $200.00 per hour and affidavits from attorneys listing rates received in shifted fee cases do not meet Petitioner's burden of establishing the market rate. Neither attorney is located in the same geographical area as Petitioner. Furthermore, the affidavits do not establish the attorneys are similarly qualified to Petitioner. Petitioner also has not established the market rate for paralegals and legal assistants.

In response, Petitioner asserts he charges $200.00 per hour in cases comparable to black lung claims, such as complex civil litigation cases. Petitioner admits he does charge a lower rate, commonly $175.00 per hour, but only does so in less complex cases. Concerning market rate, Petitioner submitted a third affidavit from attorney Matt Osborne as further evidence. *See* Reply in Defense of Attorney Fee Application, Exhibit A. Mr. Osborne is licensed in Utah and charges $200.00 to $250.00 per hour. Mr. Osborne states his practice is similar in size and

- 3 -

location as Petitioner's practice. He represented a coal miner several years ago and charged $200.00 per hour. Mr. Osborne also affirmed that many attorneys in the Salt Lake City area charge more than $200.00 per hour in all areas of practice. He attests that $200.00 per hour is a fair, reasonable, and appropriate rate in the Salt Lake City market, especially for federal black lung claims. Petitioner again states that he and Mr. Wilderman are the only two attorneys west of the Mississippi that regularly represent coal miners in black lung claims, and again references Mr. Wilderman's Affidavit, as well as Ms. Fogel's Affidavit, to evidence market rates. *See* Fee Petition, Exhibits A-B.

. . .

To arrive at a reasonable hourly rate, courts use the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record. "The appropriate rate, therefore, is not necessarily the exact value sought by a particular firm, but is rather the market rate in the venue sufficient to encourage competent representation." *Lamar Adver. Co. v. Charter Twp. of Van Buren,* 178 Fed.Appx. 498, 502 (6th Cir. 2006) (unpub.).

I have been an administrative law judge for more than 20 years and have heard Black Lung cases in excess of ten years. I have heard dozens of cases in Tennessee, Virginia, Kentucky, and West Virginia. I have heard Black Lung cases less frequently in a number of other states. I find that in several locations, especially Florida, Michigan and Wisconsin, none of the claimants are represented by local counsel; rather they are usually represented by the same lawyers who appear in my coal field cases. Dozens of pro se claimants have told my office that there are few attorneys willing to take Black Lung cases.

I also hear cases under many other statutes, including the Longshore and Harborworkers' Act and its extensions, especially the Defense Base Act. In the Defense Base Act cases, we hear cases internationally. However, as in Black Lung, there is a limited claimants' bar, and the same lawyers appear before us regularly. Some of the "regulars" who have qualifications similar to Petitioner regularly receive fees in the $400-$450 per hour range. As stated above, the fee shifting authority in the Black Lung Benefits Act stems from the Longshore Act. In that forum, the circuit courts and the Board appear to be in agreement that the relevant geographic community for determining the prevailing hourly rate is, presumptively, the litigation forum. However, at the same time, several courts have recognized that in some cases, it is appropriate to consider an extra-jurisdictional counsel's home market rates. *See Jeffboat, L.L.C. v. Dir.,OWCP [Furrow]*, 553 F.3d 487, 491, 42 BRBS 65 (CRT) (7th Cir. 2009) (permitting rate where out-of-town counsel practices), *aff'g L.F. [Furrow] v. Jeffboat, Inc.*, BRB No. 07-0417 (Sept. 26, 2007) (unpub.). In *Jeffboat*, the Seventh Circuit deemphasized the forum rule in the Longshore context. The court affirmed an ALJ's award of an attorney's fee based on the documented range of prevailing

- 4 -

market rates where out-of-town counsel practices (Connecticut), as opposed to the rate in the litigation forum (Indiana). The court held that, instead of a local market area, the "community" whose prevailing hourly rate must be used can be read as referring to a "community of practitioners," particularly when, as is arguably the case here, the subject matter of the litigation is highly specialized and the market for legal services within that subject matter is a national market. The court stated that an attorney's demonstrated billing rate for similar work is presumptively appropriate and there is a preference for awarding attorneys' fees that are commensurate with what an attorney would otherwise have earned from paying clients. The court held that a claimant need not prove that she first attempted to find local counsel before hiring an out-of-area attorney. Rather, it is within an ALJ's discretion to adjust an out-of-town attorney's rate downward if local counsel could have provided comparably effective legal services and the rate of the out-of-town practitioner was higher than the local market rate; here, the ALJ was entitled to find that claimant would need to seek counsel outside of southern Indiana. Notably, in *Patrick v. Serv. Employers Int'l, Inc.*, 2009-LDA-313, 2009-LDA-426 (ALJ June 1, 2010), the judge rejected claimant's counsel's argument that *Jeffboat* reflects the court's recognition that the geographic market for legal services by attorneys who handle Defense Base Act (42 U.S.C.S. § 1651) claims is "not only national but international" in scope, reasoning that:

> ...if the geographic market within which the prevailing rate is determined is national in scope for a DBA attorney, ...it would suggest that one prevailing fee rate should apply nationwide. That, however, is not the case. To the contrary, the Court's decision in *Jeffboat* indicates that, while the legal service market may be national in scope, the supply and demand factors in relevant geographic submarkets govern the prevailing rate determinations in individual cases. ...Obviously, the *Jeffboat* court recognized the existence of relevant submarkets that are less than national in scope.

Slip op. at 4.

Upon review, I accept that there can be no comparison with local lawyers who do Black Lung cases because the bar is so small. I am directed to *Westmoreland Coal Co. v. Cox*, 602 F.3d 276, 289-91 (4th Cir. 2010); *Bowman v. Bowman Coal Co.*, BLR (Ben. Rev. Bd. April 15, 2010), and to *B&G Mm., Inc. v. Director, OWCP [Bentley]*, 522 F.3d 657, 663-64 (6th Cir. 2008) (holding that federal fee-shifting jurisprudence must be applied uniformly); *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (same). I find that there is limited competition for Black Lung representation in the appropriate geographic area.

A determination of whether a requested hourly rate is reasonable requires consideration of the factors set forth at 20 C.F.R. § 725.366(b), including the quality of the representation, the qualifications of the representative, the complexity of the legal issues involved and the level of the proceedings. *See* 20 C.F.R. § 725.366(b); *Bentley, supra.* As evidence of market rate,

Petitioner has submitted three affidavits from attorneys practicing black lung and/or attorneys with practices similar in size and geographic region. The rates for these attorneys range from $200.00 to $250.00 per hour.

I find that the quality of the representation was adequate, the attorney, paralegal and legal assistant are well-qualified, and I note that Black Lung practice is filled with potential traps and pitfalls. The United States Supreme Court has noted:

> ...attorneys are necessary to vindicate claimants' rights under the Black Lung Benefits Act. As the West Virginia Supreme Court of Appeals noted, a black lung claimant must negotiate through a complex regulatory system to receive benefits from either the Black Lung Disability Trust Fund or the responsible mine operator. [cite omitted.] The complexity of the system is well documented. See, e.g., Hearings on Investigation of Backlog in Black Lung Cases before the Subcommittee on Labor Standards of the House Committee on Education and Labor, *99th Cong., 1st Sess.*, 186 (1985) (statement of attorney Thomas Makowski) ("Through the years, the standards have gotten more rigorous with regard to the sufficiency of evidence needed to prove a claim that a miner has black lung. As Congress made standards stricter, the regulations became more and more confusing, not only to the claimants, but to the attorneys and the administrative law judges as well"); id., at 85 (statement of attorney Robert T. Winston, Jr.) (describing the difficult task of developing evidence necessary to support a benefits award); Smith & Newman, The Basics of Federal Black Lung Litigation, 83 W. Va. L. Rev. 763 (1981) (detailing both the intricate regulatory scheme and the types of medical evidence required to prove a case).

> More significantly, the black lung process is highly adversarial. Attorneys representing either the Department of Labor or the responsible mine operator actively oppose the award of benefits to a claimant at all levels of the black lung system. Because an operator faces the prospect of paying significant awards, it is often willing to pay substantial legal fees to defend against black lung claims.

*United States Department of Labor v. Triplett*, 494 U.S. 715 (1990).

Regarding his paralegal, Ms. Brester, Petitioner writes that her usual and customary fee ranges between $80.00 and $100.00 per hour and that her fee for federal black lung cases is $100.00 per hour, based upon the specialized nature of black lung law; the overhead cost of operating the law practice; the usual and customary fee paid in federal black lung cases to paralegals of similar background and experience; the difficulty of such cases; and the contingent nature of such cases. His paralegal has assisted Petitioner in his representation of each coal miner since he began representing coal miners in their black lung benefits claims. She has also attended black lung conferences around the country.

After review of the evidence, I find that Petitioner's requested hourly rates are reasonable.

## TIME CHARGES

Review of an attorney fee petition involves a two-tiered analysis: whether, at the time the attorney performed the service, the attorney could reasonably regard it as necessary to establish

- 6 -

entitlement; and whether the amount of time expended was excessive or unreasonable. *Lanning v. Director, OWCP*, 7 BLR 1-314 (1984). Traditional clerical duties, whether performed by clerical employees or counsel, are not properly compensable services for which separate billing is permissible, but rather must be included as part of overhead in setting the hourly rate. *Whitaker v. Director, OWCP*, 9 BLR 1-216 (1986); *McKee v. Director*, OWCP, 6 BLR 1-233 (1983); *Childers v. Director*, OWCP, 2 BLR 1-1198 (1980). These non-reimbursable expenses include telephone calls, photocopying, postage, and typing. *Pritt v. Director, OWCP*, 9 B.L.R. 1-159 (1986); *Marcum v. Director, OWCP*, 2 B.L.R. 1-894 (1980).

Employer argues that the new time charges are not for defending the initial fee petition; they are supplementing the initial petition with information that should have been included in the initial petition. Employer advises me that a fee applicant may not receive fees for preparing his fee application. Employer further advises me that the time spent defending the initial fee petition is not reasonable or necessary as counsel did not request leave from the court to submit his supplemental reply brief nor do the regulations authorize replies as a matter of right. Since fee-paying clients do not pay for unauthorized work, these charges cannot be reimbursed simply because there is a fee-shifting petition.

Petitioner responded that none of the fees in the supplement include time for drafting or preparing the supplement; instead they are all only related to defending the initial application.

I accept that Petitioner was only defending the initial application and is not seeking fees for preparing a fee application. I do not accept that the time spent defending the initial fee application is unreasonable or unnecessary as the Benefits Review Board has held that time spent defending a fee application is compensable. *See Byrum v. Newport News Shipbuilding & Dry Dock Co.*, 14 BRBS 833 (1982); *Jarrell v. Newport News Shipbuilding*, 14 BRBS 883 (1982).

Employer further argues that 11.5 hours, partly performed by Petitioner and partly by his paralegal, for reviewing Employer's opposition and working on a reply and an affidavit is excessive. Employer also objects to two separate charges for reviewing the fee award (one for time spent by Petitioner and the other for time spent by the paralegal) as duplicative. Employer also objects to a time charge for calendaring a deadline.

I find that the .40 hours spent by the paralegal reviewing the fee award is duplicative as Petitioner had already reviewed it. I also find that calendaring deadlines is clerical. Three entries include calendaring deadlines: .90 hours by Petitioner on 10/31/11 for "Reviewed letter dtd 10/26/11 from Atty Prochot to ALJ Solomon and attached Opposition to Fee Petitioner. Reviewed cited authorities. Assigned projects to paralegal. Calendared Deadline, .20 hours by the paralegal on 11/2/11 for "Review email from Atty Fogel; discuss matter w/Atty Bramwell" and .30 hours on 1/30/12 for "Review Supplemental Decision & Order Award of Attorney's Fees; discuss matter w/Atty Bramwell; calendar deadline to file Supplemental Application for Attorney's Fees". I also find that the entry on 11/1/11 for .40 hours for "Review Employer's Objection to Attorney Fee Application; review regulations; email to Atty Fogel" by the paralegal includes duplicative work because Petitioner had already reviewed Employer's objection. I find that the remaining entries are reasonable and are therefore compensable. Therefore, I will subtract from the total number of hours by .70 (.20 hours for duplicative work by paralegal on

11/1/11, .10 hours for the clerical work by Petitioner on 10/31/11, .10 hours for the clerical work by the paralegal on 11/2/11 and .30 hours for duplicative and clerical work by the paralegal on 1/30/12.

## COSTS

Petitioner requests reimbursement in the amount of $33.90 for copies and postage. Employer objects to these charges, arguing that they are overhead costs already included in Claimant's hourly rate.

It is within the discretion of the administrative law judge to determine whether, in any given case based on the record evidence, photocopying costs or other miscellaneous expenses are reasonable and necessary or merely part of ordinary office overhead. *Picinich v. Lockheed Shipbuilding*, 23 BRBS 128 (1989). I find that copies and postage related to defending a fee application are part of ordinary office overhead and are therefore not reimbursable.

## SUMMARY

| | | |
|---|---|---|
| Petitioner | 5.70 hours (5.80 - .10) X $200.00 per hour | = $1140.00 |
| Ms. Brester | 5.80 hours (6.4 - .60) X $100.00 per hour | = $580.00 |
| **Total Fees** | | **$1720.00** |

# ORDER

IT IS ORDERED **PEABODY COAL CO.** shall pay **JARED L. BRAMWELL** a total of **$1720.00** for services rendered on Claimant's behalf.



Digitally signed by Daniel Solomon
DN: CN=Daniel Solomon,
OU=Administrative Law Judge, O=Office
of Administrative Law Judges,
L=Washington, S=DC, C=US
Location: Washington DC

**DANIEL F. SOLOMON**
**ADMINISTRATIVE LAW JUDGE**

**NOTICE OF APPEAL RIGHTS**: If you are dissatisfied with the decision, you may file an appeal with the Benefits Review Board ("Board"). To be timely, your appeal must be filed with the Board within thirty (30) days from the date on which the decision is filed with the district director's office. *See* 20 C.F.R. §§ 725.478 and 725.479. The address of the Board is: Benefits Review Board, U.S. Department of Labor, P.O. Box 37601, Washington, DC 20013-7601. Your appeal is considered filed on the date it is received in the Office of the Clerk of the Board, unless the appeal is sent by mail and the Board determines that the U.S. Postal Service postmark, or other reliable evidence establishing the mailing date, may be used. *See* 20 C.F.R. § 802.207.

Once an appeal is filed, all inquiries and correspondence should be directed to the Board. After receipt of an appeal, the Board will issue a notice to all parties acknowledging receipt of the appeal and advising them as to any further action needed. At the time you file an appeal with the Board, you must also send a copy of the appeal letter to Associate Solicitor, Black Lung and Longshore Legal Services, U.S. Department of Labor, 200 Constitution Ave., NW, Room N-2117, Washington, DC 20210. *See* 20 C.F.R. § 725.481. If an appeal is not timely filed with the Board, the decision becomes the final order of the Secretary of Labor pursuant to 20 C.F.R. § 725.479(a).

## SERVICE SHEET

Case Name: **CUMMINS_JAMES_STEPHE_v_PEABODY_COAL_CO_DIRE_**

Case Number: **2009BLA05531**

Document Title: **SUPPLEMENTAL DECISION AND ORDER AWARD OF ATTORNEY'S FEES**

I hereby certify that a copy of the above-referenced document was sent to the following this 11th day of January, 2013:



Digitally signed by DELANNIE HONESTY
DN: CN=DELANNIE HONESTY,
OU=LEGAL TECH, O=Office of
Administrative Law Judges, L=Washington,
S=DC, C=US
Location: Washington DC

## DELANNIE HONESTY
LEGAL TECH

District Director
Chief, Branch of Claims and Systems Mgmnt
U. S. Department of Labor
Room N3454, FPB
200 Constitution Ave., N.W.
WASHINGTON DC 20210
*{Hard Copy - Regular Mail}*

Associate Regional Solicitor
U. S. Department of Labor
Suite 230
618 Church Street
NASHVILLE TN 37219-2456
*{Hard Copy - Regular Mail}*

James Stephen Cummins
700 Thistle Drive
SPRING CREEK NV 89815
*{Hard Copy - Regular Mail}*

Jared L. Bramwell, Esq.
Building - 203
11576 S. State Street
DRAPER UT 84020
*{Hard Copy - Regular Mail}*

Peabody Coal Company
Peabody Investments, Inc.
c/o Old Republic Insurance Company
P. O. Box 2200
GREENBURG PA 15601
*{Hard Copy - Regular Mail}*

Richard H. Risse, Esq.
2176 Tenbrook Road
ARNOLD MO 63010-1515
*{Hard Copy - Regular Mail}*

Linda Naylor
NOWCAP
723 N. Main Street
SHERIDAN WY 82801
*{Hard Copy - Regular Mail}*

**U.S. Department of Labor**          Benefits Review Board
                                      P.O. Box 37601
                                      Washington, DC 20013-7601



BRB No. 12-0006 BLA
Case No. 09-BLA-5531

Rcʼvd
5\6\13

| | | |
|---|---|---|
| JAMES STEPHEN CUMMINS | ) | |
| | ) | |
| | ) | |
| Claimant-Respondent | ) | DATE ISSUED: MAY 1- 2013 |
| | ) | |
| v. | ) | |
| | ) | |
| PEABODY COAL COMPANY | ) | |
| | ) | |
| Employer/Carrier-Petitioner | ) | |
| | ) | |
| DIRECTOR, OFFICE OF WORKERS' | ) | |
| COMPENSATION PROGRAMS, UNITED | ) | |
| STATES DEPARTMENT OF LABOR | ) | |
| | ) | |
| Party-in-Interest | ) | ORDER |

Counsel for claimant has filed a complete itemized statement, requesting a fee for services performed in this appeal pursuant to 20 C.F.R. §802.203. Counsel requests a total fee of $4,366.68 representing $3,100 for 15.50 hours of legal services performed at the hourly rate of $200, $1,160 for 11.60 hours of paralegal services at the hourly rate of $100, $18 for .30 hour of services rendered by legal assistant at the hourly rate of $60, and $88.68 for cost.

Employer has filed objections to counsel's fee petition. Employer objects to a number of hours claimed by both counsel and his paralegal discussing the case as excessive, duplicative and unnecessary. Employer further states that time claimed by the legal assistant is clerical in nature and therefore non compensable. Employer also objects to other charges claimed by both counsel and the paralegal as duplicative. Next, employer objects to the hourly rate as not market based. Finally, employer objects to the $88 claimed for costs. Claimant has filed a reply to employer's objections, and employer has filed a response to the reply.

First, employer challenges the 2.6 hours counsel spent discussing this case with his paralegal. Specifically, employer objects to  charges dated October, 20, 2011,

November 10, 2011, December 7, 2011, December 19, 2011, January 17, 2012, February 28, 2012, March 13, 2012, March 14, 2012, May 3, 2012, May 4, 2012, October 26, 2012, and November 2, 2012. Employer argues that the descriptions of these services are vague and precludes the Board and the parties from assessing whether they are necessary. Employer also challenges a total of 2 hours of time claimed by the paralegal on November 10, 2011, December 7, 2011, December 19, 2011, March 13, 2012, April 26, 2012, May 4, 2012, May 17, 2012, October 26, 2012, and November 2, 2012, in consultation or discussions with counsel as excessive. Employer requests that the time claimed be denied. Employer argues that the use of a paralegal should reduce the cost instead of increasing the cost. Counsel for claimant has responded stating that the time claimed on those dates also included times for other tasks performed on that date. The Board notes employer's objections but considers the time claimed for the services performed to be reasonable.

Employer further objects to the .30 hour charged on May 17, 2012, by counsel's legal assistant as clerical and therefore non-compensable. The Board agrees with employer that this service is clerical in nature and disallows .30 hour for this service. *See Whitaker v. Director, OWCP,* 9 BLR 1-216(1986).

Next, employer challenges as duplicative other services rendered by both counsel and the paralegal. Employer objects to services charged December 7, 2011, January 26, 2012, February 16, 2012, and November 2, 2012. The Board agrees with employer that the services rendered by both counsel and the paralegal are duplicate and therefore disallows a total of 1 hour claimed by the paralegal on those dates. Employer also objects to services rendered by the paralegal on May 11, 2012, May 14, 2012 and May 16 2012, for preparation of the response brief, and services rendered by counsel on May 16, 2012, and May 17, 2012, for preparation of the response brief. The Board agrees with employer that the services rendered by the paralegal on May 16, 2012, totaling 3.10 hours duplicates services rendered by counsel on the same date totaling 6.20 hours for the preparation of claimant's response brief. The Board therefore disallows 3.10 hours claimed by the paralegal on May 16, 2012, for the preparation of the response brief. The Board considers the other time claimed for services rendered to be reasonable.

Employer also contends that the hourly rates claimed by counsel are not market based. In his fee petition and supporting documentation, counsel for claimant states that his hourly rate is $200, the hourly rate of the paralegal is $100, and the hourly rate of the legal assistant is $60. Thus, contrary to employer's assertions, the information provided by counsel in his fee petition and affidavit are sufficient to establish the appropriate hourly rates for counsel, the paralegal and legal assistant in the geographic area where the services were rendered. *See Maggard v. Int'l Coal Group, Knott County, LLC,* 24 BLR 1-204 (2010), *Bowman v. Bowman Coal Co. Inc,* 24 BLR 1-167, (2010), *B & G. Mining Inc. v. Director, OWCP, [Bentley],* 522 F.3d 664-665, 24 BLR 2-106 (6th Cir. 2008).

Finally, employer objects the total amount of $88.68 claimed for postage, copying and Lexis Nexis research. The Board considers the cost necessary and compensable.

In all other respects, the Board finds the remaining time to be reasonable and commensurate with the necessary services performed in defending claimant's award of benefits.

Accordingly, the Board approves a fee of $3,938.68 to be paid directly to claimant's counsel by employer. 33 U.S.C. §928, as incorporated by 30 U.S.C. §932(a); 20 C.F.R. §802.203.


NANCY S. DOLDER, Chief
Administrative Appeals Judge


ROY P. SMITH
Administrative Appeals Judge


BETTY JEAN HALL
Administrative Appeals Judge

2012-0006-BLA Mr. James Cummins v. Peabody Coal Company, Director, Office of Workers' Compensation Programs (Case No. 09-BLA-5531)

I certify that the parties below were served this day.

MAY 1 - 2013

(DATE)

Thomas O. Shepherd, Jr., Esq.
Clerk of the Appellate Boards

Jared L. Bramwell, Esq.
Kelly & Bramwell
11576 S. State Street
Bldg 1002
Draper, UT 84020
        --Certified

Laura Metcoff Klaus, Esq.
Greenberg Traurig LLP
2101 L Street, NW
Suite 1000
Washington, DC 20037
        --Certified

Mr. James Cummins
700 Thistle Drive
Spring Creek, NV 89815

Rae Ellen James, Esq.
Associate Solicitor
U.S. Department of Labor
200 Constitution Avenue, N.W.
Suite N-2117, NDOL
Washington, DC 20210

Steven Breeskin
U.S. Department of Labor
Suite C-3516, NDOL
Washington, DC 20210

**U.S. Department of Labor**    Office of Administrative Law Judges
11870 Merchants Walk - Suite 204
Newport News, VA 23606

(757) 591-5140
(757) 591-5150 (FAX)



**Issue Date: 20 March 2012**

Case No.:        **2008-BLA-05312**

In the Matter of:

**JAMES E. ROBERTS,**
              Claimant,

        And

**PITTSBURG & MIDWAY COAL MINING,**
              Employer (Self-Insured),

    v.

**DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS,**
              Party-In-Interest.

### SUPPLEMENTAL DECISION AND ORDER
### AWARDING ATTORNEY'S FEES AND COSTS

This case arises from a claim for benefits filed under the "Black Lung Benefits Act," Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended, at 30 U.S.C. §§ 901-950 and the implementing regulations at 20 C.F.R. Parts 718 and 725.

### PROCEDURAL HISTORY

This case was docketed with the Office of Administrative Law Judges on April 23, 2008 and was assigned to the undersigned on April 2, 2010. A formal hearing was held October 19, 2010 in Rock Springs, Wyoming. A Decision and Order was issued on September 28, 2011 granting benefits. Claimant's counsel, Jared L. Bramwell, Esq., filed a fee petition on October 27, 2011. Counsel for Employer/Carrier filed a response on November 28, 2011.

### CLAIMANT'S COUNSEL'S CONTENTIONS

Mr. Bramwell billed for 32.4 hours of his time at $200 per hour, 36 hours of his paralegal's time at $100 per hour, and 4.5 hours of his legal assistant's time at $60 per hour. He also billed $751.68 in expenses, for a total request for services and costs of $11,101.68.

Awards begin with the "loadstar" figure which is the product of the number of hours reasonably expended multiplied by a reasonable hourly rate. *Gisbrect v. Barnhart*, 535 U.S. 789 (2002); *Hensley v. Eckerhart*, 461 U.S. 424 (1983). After the "loadstar" figure is calculated, the twelve *Johnson* factors should be applied to evaluate whether the "loadstar" figure is an appropriate attorney fee award. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). A high normal billing rate implies a thorough knowledge of the area of law, an ability to handle matters efficiently and the talent to obtain favorable results. *Gusman v. Unisys Corp.*, 986 F.2d 1146 (7th Cir. 1993).

*Clerical Work*

Mr. Bramwell billed for 4.5 hours of his legal assistant's time, all of which Employer/Carrier contend involved clerical work. Time spent on duties that are clerical in nature are not compensable and must be excluded from the attorney's reported number of hours. *Staffile v. Int'l Terminal Operating Co., Inc.*, 12 BRBS 895 (1980). Traditional clerical duties include organizing and copying exhibits, preparation and collection of medical bills. *Quintana v. Crescent Wharf & Whse. Co.*, 18 BRBS 254 (1986). While reviewing correspondence can constitute legal work, receiving and filing correspondence presumably constitutes clerical work. *B&G Mining, Inc. v. Director, OWCP*, 522 F.3d 657 (2008).

All of the legal assistant's hours are for preparing and mailing/faxing various documents to the parties, court, or doctors involved in the case. Comparison of those entries to the time spent by Mr. Bramwell and his paralegal show that the documents themselves were all drafted by Mr. Bramwell or Ms. Brester. Presumably then the legal assistant's duties consisted entirely of disseminating the documents. Therefore, I find the time spent is clerical and non-compensable.

*Costs*

Mr. Bramwell has requested $271.31 in photocopying and postage costs, which the Employer/Carrier contend is not compensable. Photocopying and postage, should not be billed separately but should be considered part of an attorney's overhead expenses when setting an hourly rate and cannot be included in an award of a representative's fee. *Pritt v. Director, OWCP*, 9 B.L.R. 1-159 (1986); *Marcum v. Director, OWCP*, 2 B.L.R. 1-894 (1980).

Each of the entries states only that it is for "copies" or "postage." I find all such entries are not compensable.

## CONCLUSION

I find Claimant's counsel is entitled to payment for 32.4 hours of his time at $200 per hour and 36 hours of his paralegal's time at $100 per hour for services performed in this case. He is also entitled to $280.37 in costs for a total award of $10,360.37.

## SERVICE SHEET

Case Name: **ROBERTS_JAMES_E_v_PITTSBURG_and_MIDWAY_**

Case Number: **2008BLA05312**

Document Title: **Attorney Fee Order**

I hereby certify that a copy of the above-referenced document was sent to the following this 20th day of March, 2012:


*Cathy C. Barefoot*

**CATHARINE C .BAREFOOT**
PARALEGAL SPECIALIST

District Director
Chief, Branch of Claims and Systems Mgmnt
U. S. Department of Labor
Room N3454, FPB
200 Constitution Ave., N.W.
Washington, DC 20210
          *{Hard Copy - Certified Mail}*

James E Roberts
906 3rd West Avenue
Kemmerer, WV 83101
          *{Hard Copy - Certified Mail}*

Jared L Bramwell, Esq.
Kelly & Bramwell, PC
11576 South State St., Bldg. 1002
Draper, UT 84020
          *{Hard Copy - Certified Mail}*

Pittsburg & Midway Coal Mining
16 Iverness Drive East, Suite 207
Englewood, CO 80112
          *{Hard Copy - Certified Mail}*

John C Morton, Esq.
Law Office of Morton Law, LLC
126 North Main Street
P. O. Box 883
Henderson, KY 42419-0883
          *{Hard Copy - Certified Mail}*

Associate Regional Solicitor
U. S. Department of Labor
1999 Broadway, Suite 1600
Denver, CO 80201-6550
          *{Hard Copy - Certified Mail}*

Hearings & Appeals Section
U. S. Department of Labor
200 Constitution Avenue, N.W.
Room C-3454
Washington, DC 20210
          *{Hard Copy - Certified Mail}*

**U.S. Department of Labor**

Office of Administrative Law Judges
90 Seventh Street, Suite 4-800
San Francisco, CA 94103-1516

(415) 625-2200
(415) 625-2201 (FAX)



**Issue Date: 11 May 2011**

CASE №: 2003-BLA-06654

*In the Matter of:*

**ROBERT A. LINDSEY,**
                    Claimant,

    *v.*

**RAG AMERICAN COAL CO. / PLATEAU MINING CORPORATION,**
                    Employer,

    *and*

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,**
                    Party-in-interest.

## Supplemental Decision and Order on Attorneys Fees

This claim for benefits was successfully prosecuted.[1] The Claimant's lawyer applied for $10,229.22 in fees and costs within the time the Decision and Order on Remand set.[2] The Employer served no "written statement in opposition to the fee"[3] as the fee regulation allows and the remand order scheduled, so there are no any objections to consider.[4] The fees and costs sought are awarded.

---

[1] Section 28 of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 928, has been incorporated into the Black Lung Benefits Act. A claimant's lawyer who successfully prosecutes a claim may be awarded a fee. 30 U.S.C. § 932. The Secretary of Labor's regulations for setting fees in Black Lung claims are found at 20 C.F.R. § 725.366.

[2] The Supplemental Application for fees filed on April 10, 2011, encompasses hours that weren't considered in a fee order at an earlier stage of this litigation. The application now before me begins with time devoted at the end of November 2006. The total request appears at page 12.

[3] 20 C.F.R. § 725.366(e).

[4] A party waives objections to a fee petition that aren't made before the fee is awarded. *Abbott v. Director, OWCP,* 13 BLR 1-15 (1989).

The Black Lung fee regulation describes a régime that closely resembles the lodestar method the Article III federal courts developed to award fees under federal fee shifting statutes.[5] Reasonable litigation expenses also are awarded.[6]

The verified petition[7] for fees on remand asks for $175 per hour for 34.5 hours the lawyer devoted to the matter through March of 2008, and $200 per hour for his time as of February 2010, for a total of $7,977.50. He also requests $80 per hour for the 27.10 hours his paralegal devoted to the claim, totaling $2,168.[8] Out of pocket expenses for postage and copying add another $83.72. Affidavits given by two lawyers who regularly handle Black Lung claims say $200 per hour, which they have been awarded in their own cases, is an appropriate market billing rate.[9]

The fee regulation requires a lawyer to offer a "complete statement of the extent and character of the necessary work done,"[10] state the professional status of those who did the work, and give their customary billing rate.[11] The application must also give "specific evidence of the prevailing market rates in the relevant community for which he seeks an award . . . ."[12] These requirements are satisfied.

The application briefly describes the work done during the hours claimed. The hourly rate reflects the lawyer's familiarity with Black Lung claims for coal miners, and is consistent with the hourly rate he received in two other cases.[13] Awards of as much as $300 per hour to

---

[5] *Perdue v. Kenny A.*, __ U.S. __, 130 S. Ct. 1662 (2010); *Newport News Shipbuilding & Dry Dock Co. v. Holiday*, 591 F.3d 219, 227 n.8 (4th Cir. 2009); *Christensen v. Stevedoring Services of America*, 557 F.3d 1049, 1054 (9th Cir. 2009); *B&G Mining, Inc. v. Director, OWCP*, 522 F.3d 657, 662 (6th Cir. 2008); *Stanhope v Electric Boat Corp.*, __ BRBS __, BRB №. 06-0924, slip op. at 2 & n.3 (Dec. 20, 2011); *Beckwith v. Horizon Lines, Inc.*, 43 BRBS 156, 159 (2009).

[6] The adjudicator "shall add to the fee, the amount of reasonable and unreimbursed expenses incurred in establishing the claimant's case." 20 C.F.R. § 725.366(c).

[7] See ¶ 10 of the Supplemental Application filed Apr. 10, 2011.

[8] Supplemental Application filed Apr. 10, 2011, at 11, which says the rate is within the usual and customary charges billed for paralegal services in Utah.

[9] Supplemental Application filed Apr. 10, 2011, at Exhibits A and B.

[10] 20 C.F.R. § 725.366(a).

[11] 20 C.F.R. § 725.366(a).

[12] *Parks v. Eastern Associated Coal Corp.*, 24 B.L.R. 1-__ , BRB №. 09-0627 BLA, slip op. at 5 & n.5 (May 25, 2010) (pub.).

[13] Supplemental Application at 7; see also *Parks, supra* (suggesting that the applicant offer "evidence of fees he has received in the past").

"highly experienced" lawyers have been upheld several years ago.[14] The request for $200 per hour is well supported.

There is no request to enhance nor reason to diminish the presumptive lodestar fee that multiplying the hourly rate by the hours expended gives. The tasks described were necessary and reasonably devoted to the successful prosecution of this claim since the last fee award. Fees and costs of $10,229.22 are commensurate with the work done before the Office of Administrative Law Judges, and granted.

An earlier fee award made on March 9, 2007, (before the Board remanded the earlier decision in the miner's favor) is unaffected by this decision.

So Ordered.

William Dorsey
ADMINISTRATIVE LAW JUDGE

San Francisco, California

---

[14] *O.R.H. v. Blue Star Coal Corp.*, BRB No. 07-0124 BLA (Oct. 30, 2007) (unpub.).

## SERVICE SHEET

Case Name: **LINDSEY_ROBERT_A_v_RAG_AMERICAN_COAL_CO_**

Case Number: **2003BLA06654**

Document Title: **Supplemental Decision and Order on Attorneys Fees**

I hereby certify that a copy of the above-referenced document was sent to the following this 11th day of May, 2011:

*Thom of Josid*

**THOMAS FAZIOLI**
LEGAL ASSISTANT

Robert A Lindsey
814 E. 6500 South
Price, UT 84501
          *{Hard Copy - Regular Mail}*

Jared L Bramwell, Esq.
Kelly & Bramwell
11576 South State Street, Building 1002
Draper, UT 84020
          *{Hard Copy - Regular Mail}*

Rag American Coal Company
c/o Acordia Employer's Services
P.O. Box 3359
Charleston, WV 25333
          *{Hard Copy - Regular Mail}*

Acordia Employers Service
Attn: Robin Scruggs, Claims Analyst
P. O. Box 3389
Charleston, WV 25333-3389
          *{Hard Copy - Regular Mail}*

Scott A White, Esq.
White & Risse, L.L.P.
2176 Tenbrook Road
Arnold, MO 63010-1515
          *{Hard Copy - Regular Mail}*

William S Mattingly, Esq.
JACKSON KELLY
150 Clay St., Suite 500
P. O. Box 619
Morgantown, WV 26507
          *{Hard Copy - Regular Mail}*

Gregory W Tronson, Esq.
Office of the Solicitor/USDOL
1999 Broadway, Suite 1600
Denver, CO 80202-5710
          *{Hard Copy - Regular Mail}*

ESA/OWCP/ DCMWC
District Director
U. S. Department of Labor
1999 Broadway, Ste. 690
Denver, CO 80201-6550
          *{Hard Copy - Regular Mail}*

**U.S. Department of Labor**
Benefits Review Board
P.O. Box 37601
Washington, DC 20013-7601



Rec'd
8/16/13

BRB Nos.11-366 BLA
11-439 BLA, 09-299 BLA and 09-404 BLA
Case Nos.  04-BLA-6682
04-BLA-6683

| | | |
|---|---|---|
| SANDRA J. GODDARD (Widow of and o/b/o BENJAMIN J. GODDARD) | ) ) ) | |
| | ) | AUG 14 2013 |
| Claimant-Petitioner | ) | DATE ISSUED: _____ |
| | ) | |
| v. | ) | |
| | ) | |
| ANTELOPE COAL COMPANY | ) | |
| | ) | |
| Employer-Respondent | ) | |
| | ) | |
| DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR | ) ) ) | |
| | ) | |
| Party-in-Interest | ) | ORDER |

Counsel for claimant has filed a complete itemized statement, requesting a fee for services performed in these appeals pursuant to 20 C.F.R. §802.203. Counsel requests a total fee of $15,487.63 representing $13,240 for 66.20 hours of legal services performed at the hourly rate of $200, $1,920 for 19.20 hours of paralegal services performed at the hourly rate of $100, $120 for 2 hours of services rendered by the legal assistant at the hourly rate of $60, and $207.63 for costs.

No objections to the fee petition have been filed.

The Board finds the requested fee to be reasonable and commensurate with the necessary services performed in defending and obtaining claimant's award of benefits. Accordingly, the Board approves a fee of $15,487.63 including $207.63 for cost to be paid directly to claimant's counsel by employer. 33 U.S.C. §928, as incorporated by 30 U.S.C. §932(a); 20 C.F.R. §802.203.

Inasmuch as an appeal in BRB Nos. 13-092 BLA and 13-111 BLA, is still pending before the Board, this Order is neither payable nor enforceable until such time as an award of benefits to claimant becomes final and reflects a successful prosecution of the claim. *See Wells v. International Great Lakes Shipping Company,* 15 BRBS 47 (1982); *Spinner v. Safeway Stores, Inc.,* 18 BRBS 155 (1986).

NANCY S. DOLDER, Chief
Administrative Appeals Judge

REGINA C. McGRANERY
Administrative Appeals Judge

BETTY JEAN HALL
Administrative Appeals Judge

2009-0299-BLA Mrs. Sandra J. Goddard (Widow of and o/b/o Benjamin F. Goddard) v. Antelope Coal Company, Director, Office of Workers' Compensation Programs (Case No. 04-BLA-6682)

2009-0404-BLA Mrs. Sandra J. Goddard (Widow of and o/b/o Benjamin F. Goddard) v. Antelope Coal Company, Director, Office of Workers' Compensation Programs (Case No. 04-BLA-6683)

2011-0366-BLA Mrs. Sandra J. Goddard (Widow of and o/b/o Benjamin F. Goddard) v. Antelope Coal Company, Director, Office of Workers' Compensation Programs (Case No. 04-BLA-6682)

2011-0439-BLA Mrs. Sandra J. Goddard (Widow of and o/b/o Benjamin F. Goddard) v. Antelope Coal Company, Director, Office of Workers' Compensation Programs (Case No. 04-BLA-6683)

I certify that the parties below were served this day.

AUG 14 2013

(DATE)

Thomas O. Shepherd, Jr., Esq.
Clerk of the Appellate Boards

Helen H. Cox, Esq.
U.S. Department of Labor
Office of the Solicitor
200 Constitution Ave., Suite N-2117
Washington, DC 20210

Mrs. Sandra J. Goddard
2755 E. 8th
Casper, WY 82609

Steven Breeskin
U.S. Department of Labor
Suite C-3516, NDOL
Washington, DC 20210

William S. Mattingly, Esq.
Jackson Kelly PLLC
150 Clay Street, Suite 500
P.O. Box 619
Morgantown, WV 26507
    --*Certified*

Jared L. Bramwell, Esq.
Kelly & Bramwell
11576 S. State Street
Bldg 1002
Draper, UT 84020
    --*Certified*

**U.S. Department of Labor**     Office of Administrative Law Judges
11870 Merchants Walk - Suite 204
Newport News, VA 23606

(757) 591-5140
(757) 591-5150 (FAX)



**Issue Date: 08 November 2012**

Case No..:     **2008-BLA-05435**

In the matter of

**ROLLAND E. GOODIN,**
           Claimant,
      v.

**RIO TINTO ENERGY AMERICA,**
           Employer,
      and

**DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS,**
           Party-in-Interest.

## SUPPLEMENTAL DECISION AND ORDER AWARDING ATTORNEY FEES

This case arises from a claim for benefits filed under the "Black Lung Benefits Act," Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended, at 30 U.S.C. §§ 901-950 ("Act"), and the implementing regulations at 20 C.F.R. Parts 718 and 725 (2008).

The above captioned case was heard by the undersigned in a formal hearing in Casper, Wyoming, on October 20, 2010. A decision and order granting benefits was issued on August 12, 2011. In that decision, Claimant's counsel was ordered to submit any fee petition within 30 days. Employer's counsel was ordered to make any response within 10 days thereafter. Claimant's counsel filed his petition on September 12, 2011. Employer's counsel responded on September 27, 2011.

In his fee petition, Mr. Bramwell requested a fee of $200 per hour for 41.30 hours of his own work, $100 per hour for 48.30 hours of his paralegal's work, and $60 per hour for 3.2 hours of his legal assistant's work. Mr. Bramwell also requested reimbursement of $1,410.08 in costs. Thus, Mr. Bramwell requested a total of $14,692.08 for legal services and costs.

1.   Legal Services

*Billed Hours*

The counsel seeking payment of attorney's fees has the burden of producing a fee petition which is "supported by a complete statement of the extent and character of the necessary work done." 20 C.F.R. § 702.132(a). Petitions must also indicate the professional status of each person performing services, the normal billing rates, and the total number of hours worked. Id.

Mr. Bramwell itemized each of the services for which he requests fees, described each service provided, identified who provided each service, and the amount of time expended on each service. Traditional clerical duties are not properly compensable and must be included as part of overhead in setting the hourly rate. *Pritt v. Director, OWCP*, 9 B.L.R. 1-159 (1986); *Marcum v. Director, OWCP*, 2 B.L.R. 1-894. Traditional clerical duties include, but are not limited to, typing, proofreading, preparation for mailing, actually mailing, organizing and copying exhibits, and preparation and collection of medical bills. *Id.* at 1-899; *Quintana v. Crescent Wharf & Whse. Co.*, 18 BRBS 254 (1986).

Mr. Bramwell provided itemized entries totaling 41.3 hours for work performed at the OALJ level. Employer made no objection to Mr. Bramwell's or his paralegal's billed entries. After reviewing the itemized entries, I find that all 41.3 hours of Mr. Bramwell's work are reasonable and necessary to the representation. Upon review of the paralegal's work, I find that the June 30, 2010 telephone call to schedule hearings, 0.1 hours of the July 26, 2010 entry including faxing, and 0.1 hours of each of the July 26, 27, and 28, 2010, December 15, 2010, and May 16, 2011 entries including mailing to be clerical in nature and thus not compensable. Accordingly, 0.9 hours of the paralegal's time will be deducted for a total of 47.4 compensable hours.

Employer argues that the itemized entries for Mr. Bramwell's legal assistant are secretarial and so not subject to compensation. The undersigned agrees. Each entry appears to be purely clerical in nature and is thus appropriately included in overhead. Accordingly, the 3.2 hours billed for legal assistant work are deducted.

*Hourly Rate for Mr. Bramwell*

In assessing a proper fee, the undersigned will take into account the quality of the representation, the complexity of the legal issues involved and the amount of benefits awarded. 20 C.F.R. § 702.132(a). The undersigned may also consider the experience and personal knowledge of the facts and the practice of law when making a determination of the reasonableness of an attorney's fee. Morris v. California Stevedore & Ballast Co., 10 BRBS 375 (1979). The prevailing hourly rate may be established through affidavits from counsel with similar qualifications performing in comparable cases, information concerning recent fee awards in comparable cases, specific evidence of counsel's actual billing practice, and other evidence of actual rates that counsel can command in the market. See Spell v. McDaniel, 824 F.2d 1380 (4th Cir. 1987).

Mr. Bramwell has requested an hourly rate of $200 per hour. In support of this rate, Mr. Bramwell cites to the affidavits of other black lung attorneys who attest to the reasonableness of the requested fee. Based on Mr. Bramwell's seven years of practice, experience with

occupational disease cases, the nature of the case, and the locality of the hearing, I find that $200.00 per hour is a reasonable rate.

*Hourly rate for Paralegal*

I find that $95 per hour is an appropriate rate for Mr. Bramwell's paralegals' work based on experience.

Accordingly, Mr. Bramwell is entitled to a fee representing 41.3 hours of his own work at $200.00 per hour and 47.4 hours of paralegal work at $95.00 per hour.

### 2. Costs

The Board has held that "to insure that the successful claimant receives the compensation due him under the Act undiminished by litigation expenses, . . . in those cases where an attorney's fee is awarded, reasonable and necessary costs and expenses incurred during the course of a proceeding by a claimant may also be assessed against the employer." *Bradshaw v. J.A. McCarthy*, 3 BRBS 195 (1976) *petition for review denied*, 564 F.2d 89 (3d Cir. 1977).

Claimant's counsel requests $1,410.08 in cost reimbursement. Employer objects to expenses for copying and postage as non-compensable overhead. Traditional clerical duties are not properly compensable and must be included as part of overhead in setting the hourly rate. These unreimbursable expenses include local telephone calls, photocopying, postage, and typing. *Pritt v. Director, OWCP*, 9 B.L.R. 1-159 (1986); *Marcum v. Director, OWCP*, 2 B.L.R. 1-894 (1980). Accordingly, $238.38 will be deducted from Mr. Bramwell's requested cost reimbursement for these clerical expenses. Because the remaining expenses appear reasonable and necessary in conducting the representation, Mr. Bramwell is entitled to $1,170.70 in expenses.

### ORDER

IT IS HEREBY ORDERED that Employer pay a total of $13,934.70[1] to Mr. Bramwell for services performed on this case.



Digitally signed by Richard Malamphy
DN: CN=Richard Malamphy,
OU=Administrative Law Judge, O=Office
of Administrative Law Judges,
L=Newport News, S=VA, C=US
Location: Newport News VA

RICHARD K. MALAMPHY
Administrative Law Judge

RKM/jrs
Newport News, Virginia

---

[1] ($200 x 41.3) + ($95 X 47.4) + $1,171.70 = $13,934.70

# SERVICE SHEET

Case Name:  **GOODIN_ROLLAND_E_v_ANTELOPE_COAL_CO_and_**

Case Number: **2008BLA05435**

Document Title: **Supplemental D&O Awarding Attorney Fees**

I hereby certify that a copy of the above-referenced document was sent to the following this 8th day of November, 2012:



Digitally signed by CATHARINE C .BAREFOOT
DN: CN=CATHARINE C .BAREFOOT,
OU=PARALEGAL SPECIALIST, O=Office of
Administrative Law Judges, L=Newport News,
S=VA, C=US
Location: Newport News VA

## CATHARINE C .BAREFOOT
PARALEGAL SPECIALIST

District Director
Chief, Branch of Claims and Systems Mgmnt
U. S. Department of Labor
Room N3454, FPB
200 Constitution Ave., N.W.
WASHINGTON DC 20210
      *{Hard Copy - Regular Mail}*

Rolland Goodin
21 Bridger Tr.
DOUGLAS WY 82633
      *{Hard Copy - Regular Mail}*

Jared L Bramwell, Esq.
Kelly & Bramwell, PC
11576 South State St., Bldg. 1002
DRAPER UT 84020
      *{Hard Copy - Regular Mail}*

Antelope Coal Co./Rio Tinto Energy America
P. O. Box 3008
GILLETTE WY 82717-3008
      *{Hard Copy - Regular Mail}*

(Self-Insured thru) Kennecott Corp / Rio Tinto
P. O. Box 6001
MAGNA UT 84004
      *{Hard Copy - Regular Mail}*

William S Mattingly, Esq.
Jackson Kelly, PLLC
150 Clay Street, Ste. 500
P. O. Box 618
MORGANTOWN WV 26507
      *{Hard Copy - Regular Mail}*

Associate Regional Solicitor
U. S. Department of Labor
1999 Broadway, Suite 1600
DENVER CO 80201-6550
      *{Hard Copy - Regular Mail}*

Hearing & Appeals Section
U. S. Department of Labor
200 Constiution Avenue, N.W.
Room C-3454
WASHINGTON DC 20210
      *{Hard Copy - Regular Mail}*

**U.S. Department of Labor**        Benefits Review Board
P.O. Box 37601
Washington, DC 20013-7601



BRB No. 11-843 BLA
Case No. 08-BLA-5435

| | |
|---|---|
| ROLLAND ELANZO GOODIN | ) |
| | ) |
| Claimant-Respondent | ) DATE ISSUED: APR 26 2013 |
| | ) |
| v. | ) |
| | ) |
| ANTELOPE COAL COMPANY | ) |
| TINTO ENERGY AMERICA | ) |
| | ) |
| Employer-Petitioner | ) |
| | ) |
| DIRECTOR, OFFICE OF WORKERS' | ) |
| COMPENSATION PROGRAMS, | ) |
| UNITED STATES DEPARTMENT | ) |
| OF LABOR | ) |
| | ) |
| Party-in-Interest | ) ORDER |

Claimant's counsel has filed an itemized statement requesting a fee for services performed in this appeal pursuant to 20 C.F.R. §802.203. Counsel requests a total fee of $4,216.31 representing $2,800 for 14 hours of legal services performed by counsel at an hourly rate of $200, $1,330 for 13.30 hours of paralegal services performed at an hourly rate of $100 and $24 for .40 hour of legal assistant services at an hourly rate of $60, plus $62.31 in costs. No objection to the attorney fee petition has been received.

The Board finds the fee requested to be reasonable and commensurate with the necessary services performed in defending claimant's award of benefits. Accordingly, the Board approves the total amount of $4,216.31 for fees and costs to be paid directly to claimant's counsel by the employer.    33 U.S.C. §928, as incorporated by 30 U.S.C. §932(a); 20 C.F.R. §802.203.  Inasmuch as this case is on appeal before the U.S. Court of Appeals for the Tenth Circuit; this Order is neither payable nor enforceable until such time as an award of benefits to claimant becomes final and reflects successful prosecution of the claim. 33 U.S.C. §928. *See Wells v. International Great Lakes Shipping Company,* 693 F.2d 663 (7th Cir. 1982), 15 BRBS 47 (CRT) (1982); *Spinner v. Safeway Stores, Inc.,* 18 BRBS 155 (1986); *aff'd mem sub nom. Safeway Stores, Inc. v. Director, OWCP,* 811 F.2d 676 (D.C. Cir. 1987).

_____

ROY P. SMITH
Administrative Appeals Judge

_____

REGINA C. McGRANERY
Administrative Appeals Judge

_____

BETTY JEAN HALL
Administrative Appeals Judge

2011-0843-BLA Mr. Rolland E. Goodin v. Antelope Coal Company, Director, Office of Workers' Compensation Programs (Case No. 08-BLA-5435)

I certify that the parties below were served this day.

APR 26 2013

(DATE)

Thomas O. Shepherd, Jr., Esq.
Clerk of the Appellate Boards

Rita A. Roppolo, Esq.
U.S. Department of Labor
Office of the Solicitor
200 Constitution Avenue, N.W. N-2117
Washington, DC 20210
        *--Certified*

William S. Mattingly, Esq.
Jackson Kelly PLLC
150 Clay Street, Suite 500
P.O. Box 619
Morgantown, WV 26507
        *--Certified*

Jared L. Bramwell, Esq.
Kelly & Bramwell
11576 S. State Street
Bldg 1002
Draper, UT 84020
        *--Certified*

Mr. Rolland E. Goodin
21 Bridger Terrace
Douglas, WY 82633
        *--Certified*

Mr. Steven Breeskin
District Director
U.S. Department of Labor
Suite C-3515, NDOL
Washington, DC 20210

Rae Ellen James, Esq.
Associate Solicitor
U.S. Department of Labor
200 Constitution Avenue, N.W.
Suite N-2117, NDOL
Washington, DC 20210

# EXHIBIT B

State of Illinois )
                  ) ss
County of Jackson )

## AFFIDAVIT

I, Sandra M. Fogel, being first duly sworn on oath, depose and state the following:

1. I am a licensed attorney and in good standing in the State of Illinois and have practiced twenty years in Carbondale, Jackson County, Illinois.

2. I am member of the Illinois State Bar Association and Jackson County Bar Association. I am a past president of the Jackson County Bar Association and continue to serve on two committees.

3. I am a partner in the law firm of Culley & Wissore. Our firm exclusively handles federal and state black lung claims for coal miners and their survivors.

4. Prior to associating with Culley & Wissore, I was the Supervising Attorney of the Black Lung Program at the SIU School of Law Legal Clinic in Carbondale, Illinois, from its inception to its conclusion in 1997, due to lost funding.

5. I have personally handled over 800 federal black lung claims, representing claimants in Illinois, Indiana, Missouri, Kentucky, Texas, California, Florida and West Virginia, before the United States Department of Labor district offices, Office of Administrative Law Judges, Benefits Review Board and the United States Court of Appeals for the Seventh and Fourth Circuits. As such, I am familiar with the customary and reasonable charges for services in black lung litigation.

6. My current hourly billing rate is $265.00. It has been approved consistently and without exception.

7. I have known Jared M. Bramwell for nine years and am familiar with his expertise in federal black lung claims. I became familiar with him and his work when his law firm first became interested in prosecuting black lung claims. We have consulted on a number of cases. We also have participated in and conducted seminars at an annual national black lung conference for attorneys, lay advocates, physicians and support staff.

8. It is my experience and opinion that Jared is knowledgeable and competent in federal black lung matters. His reputation as an attorney is impeccable, and he is highly respected by his peers.

9. There are too few attorneys nationwide who are willing or able to advocate for claimants against large coal operators who invest massive financial resources into the defense of

black lung claims and have the benefit of exceptional legal advocacy from large law firms. Mr. Bramwell is one of those attorneys sincerely committed to representing claimants.

10. I frequently am asked to represent claimants who reside in areas where I cannot travel. For those claimants who live in western, southwestern or northwestern states, I refer them to Jared first. I consider him the best referral I could offer those claimants.

11. Based on my personal knowledge and experience, a $225.00 hourly billing rate is entirely reasonable in federal black lung litigation for attorneys like Mr. Bramwell.

_Sandra M. Fogel_
Sandra M. Fogel, Affiant

Subscribed and sworn to before me

this _12th_ day of March, 2014.

_Notary Public_
Notary Public

OFFICIAL SEAL
MAUREEN M KASSIMALI
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:03/26/17

State of Illinois        )
                         ) SS
County of Cook           )

## AFFIDAVIT

I, Anne Megan Davis, being first duly sworn on oath, depose and state the following:

1.    I have been a licensed attorney in good standing in the State of Illinois since 1976.

2.    I am a member of the Illinois State Bar Association, State Bar of Texas (inactive status), the Trial Bar of the U.S. District Court for the Northern District of Illinois and the Bars of the U.S. Courts of Appeal for the Second, Fourth, Seventh and Tenth Circuits.

3.    Since 1996, I have been a partner of the law firm Johnson, Jones, Snelling, Gilbert & Davis, P.C. I have litigated cases involving a variety of issues including labor and employment law, contract law, defamation, the right of privacy, wrongful discharge, medical malpractice, fiduciary duty, legal malpractice, civil rights, and Fair Housing Act claims in addition to federal black lung claims. I have also been appointed to serve as a commissioner in two federal eminent domain cases.

4.    My partner, Thomas E. Johnson, and I have handled many coal miners' claims for federal black lung benefits beginning in the 1980s. I have represented claimants before the U.S. Department of Labor's District Director (the initial stage), Administrative Law Judges, the Benefits Review Board and the Courts of Appeal for the Fourth, Seventh and Tenth Circuits. One such case is *Gunderson v. U.S.D.O.L.*, 601 F.3d 1013 (10th Cir. 2010). I am therefore familiar with attorney's fee issues for claimants' lawyers in black lung litigation.

5.    The hourly rate fore Mr. Johnson and myself in black lung cases is currently $275.00. This figure has been approved consistently since we raised our rates in 2012.

6.    In my experience, it is very difficult for a black lung claimant to obtain benefits without legal representation. Black lung litigation requires specialized knowledge in an obscure field that involves often-challenging issues of law and medical science. The cases are almost always opposed by the coal company employers. These employers are typically well-funded entities, and can therefore retain experienced counsel and well-credentialed experts. By contrast, the claimant miners are sick and infirm and unsophisticated in legal matters. Without representation, they stand little chance of prevailing.

7.    But despite a desperate need for claimants' counsel, there are significant disincentives to representing black lung claimants. By statute, black lung cases cannot be settled. Claimants' attorneys cannot be paid unless and until the claimant ultimately prevails in the litigation; and the claimant is prohibited from paying the attorney's fees. Attorney's fees for prevailing claimants are limited to the lodestar: hourly rate times a reasonable number of hours.

8.    In addition to these structural factors, it is not unusual in my experience for a black lung case to take many years to resolve. Coal company employers have a strong incentive to appeal initial awards of benefits, because the employers are not required to pay the benefits unless and until the claim is finally resolved in favor of the miner. The *Gunderson* case mentioned above is now in its thirteenth year. This means that a claimant's lawyer will often wait a very long time to be paid the lodestar --- and then only if the claimant is ultimately awarded benefits. As well, losing employers routinely oppose the requested fees, which gives rise to additional litigation.

9.    As a result, there are few lawyers in the country willing to represent miners or their survivors in their quest for black lung benefits. Jared L. Bramwell is one of those few.

10.    I have come to know Jared over the last several years through workshops and seminars at annual national conferences for attorneys, physicians, respiratory therapists, Department of Labor personnel, and lay advocates working with black lung claimants. I worked with Jared in making a presentation at one of these conferences. I have also discussed black lung issues with Jared from time to time and have been impressed by his knowledge of the area.

11.    In my opinion, Jared is entitled to attorney's fees at an hourly rate of at least $225.00.

12.    Many lawyers in the area of black lung litigation, including me, have utilized the services of a legal assistant/paralegal and to bill separately for the paralegal's time. An hourly rate of $100.00 is reasonable and customary.

Anne Megan Davis, Affiant

Subscribed and sworn to before me

this 12th day of March, 2014.

Notary Public

OFFICIAL SEAL
CAROLYN E GOLAB
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:08/18/14

2

Commonwealth of Virginia )
                         )ss
City of Norton           )

## AFFIDAVIT

I, Ryan C. Gilligan, being first duly sworn on oath, depose and state the following:

1.      I am a licensed attorney in good standing in the State of Tennessee since 2007, and in the Commonwealth of Virginia since 2008.

2.      I am a member of the Virginia State Bar Association, U.S. Court of Appeals for the Fourth, Sixth, Ninth, Tenth, and Eleventh Circuits, and the United States Supreme Court .

3.      Since 2007, I have been an associate of the law firm Wolfe Williams Rutherford & Reynolds in Norton, Virginia and have exclusively practiced federal black lung.

4.      Throughout the course of my career I have represented hundreds of coal miners and their families in their pursuit for federal black lung benefits in an almost national practice. Unfortunately, there are few attorneys willing to accept black lung claims and therefore I am familiar with the majority of attorneys consistently representing coal miners, and there billable hourly rates.

5.      My customary hourly rate over the last several years is $225.00.

6.      Our firm's full time legal assistant/paralegal's hourly rate is $100.00.  I believe $100.00 per hour for legal assistant/paralegal time is reasonable and customary and has consistently been approved and awarded.

7.      The federal black lung program is governed by a complex set of statutes and regulations, which require specialized knowledge.  Lawyers must be familiar with and well-versed in many areas, including administrative agency law, the federal regulations and cardiopulmonary medicine.

8.      I came to know Attorney Jared L. Bramwell in 2010 at a national conference concerning legal and medical issues in black lung litigation.  Since that time, I have consulted with Jared on a number of cases and have attended lectures he has offered.  Jared is a highly competent attorney who is providing exceptional services to his black lung clients.

9.      It is my experience and opinion that Jared is knowledgeable and competent in federal black lung matters.  His reputation as an attorney is impeccable, and he is highly respected by his peers.  I believe that he is entitled to attorney's fees at an hourly rate of at least $225.00 based on his knowledge and ability in the practice of federal black lung.

10.    Based on my personal knowledge, experience, and the lodestar factors I find that an hourly rate of at least $225.00 is entirely reasonable in federal black lung litigation for attorneys like Jared who handle these claims routinely and who enjoys a reputation in the general and legal communities for his skill and knowledge in the field.

Ryan C. Gilligan, Affiant

Subscribed and sworn to before me

this _14th_ day of March, 2014.

_Clara L. Bartley_

Notary Public    Va No. 175700

My Commission Expires  9-30-17

2

State of Colorado          )
                           )ss
City and County of Denver  )

**AFFIDAVIT**

I, **Jonathan Wilderman,** being first duly sworn on oath, depose and state the following:

1.  I am an attorney and have practiced law in the State of Colorado for over forty years.

2.  I am an active attorney in good standing with the Colorado State Bar.

3.  I have represented claimants for black lung benefits under the Black Lung
    Benefits Act as amended before the U.S. Dept. of Labor District Director's
    Office, Office of Administrative Law Judges and Benefits Review Board.  I
    have also represented black lung claimants before the Ninth and Tenth Circuit
    Courts of Appeal.

4.  My black lung practice is located in the same geographic region as Jared L. Bramwell of
    of Kelly & Bramwell, P.C.  It is my understanding that Mr. Bramwell and I are the only
    attorneys in any state west of the Mississippi River that represent coal miners in federal
    black lung claims on an ongoing and continuous manner.

5.  In federal black lung cases my law firm charges attorneys fees from $200 to $220 per
    hour, which is based upon the specialized nature of black lung law; the overhead cost of
    operating the law practice; the usual and customary fee paid in federal black lung cases to
    attorneys; and the difficulty of such cases.

6.  I have been awarded attorneys fees before the Office of Administrative Law Judges at
    $200 per hour for many years, before the Benefits Review Board $220 per hour in 2013
    and the Tenth Circuit Court of Appeals $210 per hour in the year 2011.

7. It is customary in black lung practice to utilize the services of a legal assistant/paralegal and to bill separately for their time. I believe $100.00 per hour for legal assistant/paralegal time is reasonable and customary.

8. In my opinion, based upon the market and fees charged by attorneys in this region, especially in black lung cases, $225.00 per hour is a fair, reasonable and appropriate fee to be charged by Jared L. Bramwell in his prosecution of federal black lung claims.

DATED this 11th day of March, 2014.

WILDERMAN LAW FIRM, P.C.

By: _Jonathan Wilderman_
Jonathan Wilderman Reg. #2013
4155 E. Jewell Ave., Suite 500
Denver, CO 80222
(303) 758-5562
jwilderman@qwestoffice.net

Subscribed and sworn before me this 11th day of March, 2014.

My commission expires: 9/20/2016

KENNETH A GOLDSTEIN
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 19964016435
MY COMMISSION EXPIRES SEPTEMBER 20, 2016

_Kenneth A Goldstein_
Notary Public

2

## AFFIDAVIT OF GAVIN M. REESE

STATE OF UTAH        )
                             :SS
COUNTY OF SALT LAKE  )

      I, Gavin M. Reese, duly licensed to practice law in the State of Utah, and duly upon oath hereby deposes and states as follows:

1.     I am an attorney and have practiced law in the State of Utah since 2002.

2.     I am an active attorney in good standing with the Utah State Bar.

3.     I am a shareholder at the law firm of Ray, Quinney & Nebeker located in Salt Lake City, Utah.  My usual and customary fee is $285.00 per hour.

4.     My areas of practice include mergers, acquisitions, business entity selection and formation, securities matter, general corporate advice, leasing and other real estate projects.

5.     I am informed that Jared L. Bramwell is seeking attorney's fees for his work in representing black lung claimants at the rate of $225.00 per hour and $100.00 per hour for work performed by his paralegal.  Based on my experience and my knowledge of prevailing rates among attorney's practicing in the Salt Lake City, Utah area, I believe that these billings rates are not only reasonable but below the normal hourly rates charged by attorneys of comparable ability and experience.

6.     I have known Mr. Bramwell for fifteen (15) years and know him to be an intelligent, skilled, talented and highly professional attorney and zealous advocate for his clients.

7.     My firm employs the services of legal assistant/paralegals and always bills our

clients separately for work performed by them.  My firm typically charges clients $120.00 to $140.00

per hour for legal assistant/paralegal work.  I also have personal knowledge that it is customary for

many attorneys in the Salt Lake City, Utah area to employ the services of legal assistant/paralegals and

to bill separately for their work.  I believe that $100.00 per hour is a reasonable rate to charge for legal

assistant/paralegal work in our area.

     8.    In my opinion, based upon the Salt Lake City, Utah market and fees charged by

attorneys in this area, the rates of $225.00 per hour for Mr. Bramwell and $100.00 per hour for his

paralegal are customary, fair, reasonable and appropriate fees to be charged.

DATED this __11th__ day of March, 2014.



By: _____
    Gavin M. Reese

SUBSCRIBED AND SWORN to before me this _11_ day of March, 2014.

_____
Notary Public

**OPAL STAPLEY**
**NOTARY PUBLIC - STATE OF UTAH**
**My Comm. Exp. 01/11/2016**
**Commission # 651783**

## AFFIDAVIT OF MATT OSBORNE

STATE OF UTAH            )
                         :SS
COUNTY OF SALT LAKE  )

    I, Matt Osborne, duly licensed to practice law in the State of Utah, and duly upon oath hereby deposes and states as follows:

    1.    I am an attorney and have practiced law in the State of Utah for over eighteen (18) years.

    2.    I am an active attorney in good standing with the Utah State Bar.

    3.    I have been a partner at Osborne & Barnhill, P.C. since 2000.

    4.    My law partner, Brian Barnhill, and I have a law practice similar in size and location as Jared L. Bramwell of Kelly & Bramwell, P.C. Our areas of practice include, but are not limited to, business transactions, civil litigation, divorce and family law, and estate planning.

    5.    My law partner's and I's usual and customary fee ranges between $200.00 and $250.00 per hour. In one federal black lung case I handled about ten (10) years ago I charged $200.00 per hour, which was based upon the specialized nature of black lung law; the overhead cost of operating the law practice; the usual and customary fee paid in federal black lung cases to attorneys; the difficulty of such cases; and the contingent nature of such cases. If I were to engage in the practice of federal black lung law now, I would charge at least $250.00 per hour.

    6.    During my years of practice, I have reviewed numerous attorney fee affidavits in countless cases filed by both plaintiff and defendant counsel that show attorneys in our area charge significantly more than $225.00 per hour.

7.     I have known Mr. Bramwell for twelve (12) years and know him to be an intelligent, skilled, talented and highly professional attorney and zealous advocate for his clients.

8.     I have employed the services of legal assistant/paralegals since early in my years of practicing law and I have always billed my clients separately for work performed by my legal assistant/paralegals.  I also have personal knowledge that it is customary for many attorneys in the Salt Lake City, Utah area to employ the services of legal assistant/paralegals and to bill separately for their work.  I believe that $100.00 per hour is a reasonable rate to charge for legal assistant/paralegal work in our area.  Further, I have known Mr. Bramwell's paralegal, Michelle J. Brester, for over nine years and know her to be an extraordinarily skilled and talented paralegal.

9.     In my opinion, based upon the Salt Lake City, Utah market and fees charged by attorneys in this area, the rates of $225.00 per hour for Mr. Bramwell and $100.00 per hour for Ms. Brester are customary, fair, reasonable and appropriate fees to be charged, especially in black lung cases.

DATED this 10 day of March, 2014.

By: _____
Matt Osborne

SUBSCRIBED AND SWORN to before me this 10 day of March, 2014.



_____
Notary Public

Notary Public
Tina Brown
Commission # 658697
My Commission Expires 09/05/2016
State of Utah

# **<u>EXHIBIT C</u>**

# LAFFEY MATRIX -- 2003-2013
## (2009-10 rates were unchanged from 2008-09 rates)

Years (Rate for June 1 - May 31, based on prior year's CPI-U)

| Experience | 03-04 | 04-05 | 05-06 | 06-07 | 07-08 | 08-09 | 09-10 | 10-11 | 11-12 | 12-13 |
|---|---|---|---|---|---|---|---|---|---|---|
| 20+ years | 380 | 390 | 405 | 425 | 440 | 465 | 465 | 475 | 495 | 505 |
| 11-19 years | 335 | 345 | 360 | 375 | 390 | 410 | 410 | 420 | 435 | 445 |
| 8-10 years | 270 | 280 | 290 | 305 | 315 | 330 | 330 | 335 | 350 | 355 |
| 4-7 years | 220 | 225 | 235 | 245 | 255 | 270 | 270 | 275 | 285 | 290 |
| 1-3 years | 180 | 185 | 195 | 205 | 215 | 225 | 225 | 230 | 240 | 245 |
| Paralegals & Law Clerks | 105 | 110 | 115 | 120 | 125 | 130 | 130 | 135 | 140 | 145 |

*Explanatory Notes:*

1. This matrix of hourly rates for attorneys of varying experience levels and paralegals/law clerks has been prepared by the Civil Division of the United States Attorney's Office for the District of Columbia. The matrix is intended to be used in cases in which a "fee-shifting" statute permits the prevailing party to recover "reasonable" attorney's fees. *See, e.g.,* 42 U.S.C. § 2000e-5(k) (Title VII of the 1964 Civil Rights Act); 5 U.S.C. § 552(a)(4)(E) (Freedom of Information Act); 28 U.S.C. § 2412 (b) (Equal Access to Justice Act). The matrix does **not** apply in cases in which the hourly rate is limited by statute. *See* 28 U.S.C. § 2412(d).

2. This matrix is based on the hourly rates allowed by the District Court in *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021 (1985). It is commonly referred to by attorneys and federal judges in the District of Columbia as the "*Laffey* Matrix" or the "United States Attorney's Office Matrix." The column headed "Experience" refers to the years following the attorney's graduation from law school. The various "brackets" are intended to correspond to "junior associates" (1-3 years after law school graduation), "senior associates" (4-7 years), "experienced federal court litigators" (8-10 and 11-19 years), and "very experienced federal court litigators" (20 years or more). *See Laffey*, 572 F. Supp. at 371.

3. The hourly rates approved by the District Court in *Laffey* were for work done principally in 1981-82. The Matrix begins with those rates. *See Laffey*, 572 F. Supp. at 371 (attorney rates) & 386 n.74 (paralegal and law clerk rate). The rates for subsequent yearly periods were determined by adding the change in the cost of living for the Washington, D.C. area to the applicable rate for the prior year, and then rounding to the nearest multiple of $5 (up if within $3 of the next multiple of $5). The result is subject to adjustment if appropriate to ensure that the relationship between the highest rate and the lower rates remains reasonably constant. Changes in the cost of living are measured by the Consumer Price Index for All Urban Consumers (CPI-U) for Washington-Baltimore, DC-MD-VA-WV, as announced by the Bureau of Labor Statistics for May of each year.

4. Use of an updated *Laffey* Matrix was implicitly endorsed by the Court of Appeals in *Save Our Cumberland Mountains v. Hodel*, 857 F.2d 1516, 1525 (D.C. Cir. 1988) (en banc). The Court of Appeals subsequently stated that parties may rely on the updated *Laffey* Matrix prepared by the United States Attorney's Office as evidence of prevailing market rates for litigation counsel in the Washington, D.C. area. *See Covington v. District of Columbia*, 57 F.3d 1101, 1105 & n. 14, 1109 (D.C. Cir. 1995), *cert. denied*, 516 U.S. 1115 (1996). Lower federal courts in the District of Columbia have used this updated *Laffey* Matrix when determining whether fee awards under fee-shifting statutes are reasonable. *See, e.g., Blackman v. District of Columbia*, 59 F. Supp. 2d 37, 43 (D.D.C. 1999); *Jefferson v. Milvets System Technology, Inc.*, 986 F. Supp. 6, 11 (D.D.C. 1997); *Ralph Hoar & Associates v. Nat'l Highway Transportation Safety Admin.*, 985 F. Supp. 1, 9-10 n.3 (D.D.C. 1997); *Martini v. Fed. Nat'l Mtg Ass'n*, 977 F. Supp. 482, 485 n.2 (D.D.C. 1997); *Park v. Howard University*, 881 F. Supp. 653, 654 (D.D.C. 1995).