**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 20, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

# UNITED STATES COURT OF APPEALS

# FOR THE TENTH CIRCUIT

---

ANTELOPE COAL COMPANY,

    Petitioner,

v.

SANDRA J. GODDARD, on behalf of and widow of Benjamin F. Goddard; DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR,

    Respondents.

No. 14-9506
(No. 13-0092 BLA)
(Petition for Review)

---

## ORDER ON MOTION FOR ATTORNEY FEES AND COSTS

---

Before **HARTZ**, **BALDOCK**, and **BACHARACH**, Circuit Judges.

---

    On September 18, 2014, we denied Antelope Coal Company's petition for review of a grant of benefits to Sandra J. Goddard, on behalf of and as the widow of Benjamin F. Goddard, under the Black Lung Benefits Act, 30 U.S.C. §§ 901-945. Mrs. Goddard now has filed an application for attorney fees and costs incurred during the proceedings before this court. Antelope has not filed a response, but Mrs. Goddard's motion states that her counsel conferred with Antelope's counsel, and "the fees and costs . . . represent a reasonable fee insomuch as [Antelope] is concerned." Mot. at 2.

A successful claimant in a black-lung case "shall be awarded . . . a reasonable attorney's fee." 33 U.S.C. § 928(a) (incorporated by 30 U.S.C. § 932(a)). A fee award "shall be reasonably commensurate with the necessary work done," and in determining the award, the court "shall take into account the quality of the representation, the qualifications of the representative, the complexity of the legal issues involved, the level of proceedings to which the claim was raised, the level at which the representative entered the proceedings, and any other information which may be relevant to the amount of fee requested." 20 C.F.R. § 725.366(b).

Mrs. Goddard's attorney billed 43 hours at $225 per hour (a total of $9,675) and his paralegal billed 23.5 hours at $100 per hour (a total of $2,350). Antelope does not challenge either the number of hours expended or the hourly rates. Having considered the motion, the supporting documents, and the factors set forth in § 725.366(b), we conclude the requested amount is a reasonable fee, and we grant a fee award of $12,025.

As for costs, Mrs. Goddard admits that the amounts sought ($159.38 for copying her response brief and $72.54 for shipping her brief to this court) also are the subject of her separately filed Bill of Costs. Accordingly, those requests will be addressed, and awarded if appropriate, in connection with that filing.

                                                 Entered for the Court

                                                 ELISABETH A. SHUMAKER, Clerk